## Case No. 7,352.

### The JOHN JAY.

[3 Blatchf. 67; [1] 30 Hunt, Mer. Mag. 199; N. Y. Times, Oct. 10, 1853.]

Circuit Court, S. D. New York. Oct. 8, 1853. [2]

---

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

---

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

[2] [Affirming Case No. 1,597. Decree of the circuit court affirmed in 17 How. (58 U. S.) 399.]

Charles Jones, for libellant.
George F. Betts, for claimant.

NELSON, Circuit Justice. The amendment sought goes to the gravamen of the matters in controversy, and introduces a new and different subject of litigation from that put forth and contested in the court below. It is probable, from the liberality with which amendments in pleadings are allowed in courts of original jurisdiction, that if this application had been made to that court, it might have been granted on some terms. But, even there, I apprehend, it would have been the exercise of very considerable indulgence to have allowed it. But, be that as it may, it is clear that I have no authority, in this court, to make the amendment; for, to make it, and entertain the suit, would obviously be, in effect, to assume, not appellate, but original cognizance of the subject matter of the litigation. The questions of the title to, or right of property in the vessel, or of the right to the possession of it, all of which would become involved in the controversy, if the amendment be made, have never been before the court below, and, of course, have never been passed upon by it. In hearing the case, therefore, this court would not be sitting as an appellate court. The amendment to the libel allowed by the appellate court in the case of Houseman v. The North Carolina, 15 Pet. [40 U. S.] 40, and which was held to be error, was much less effectual in changing the subject of the litigation, than the one proposed in this case. Upon this ground, therefore, the motion must be denied.

There is, also, another difficulty in the way of allowing the amendment. As I am at present advised, its allowance would not remove the objection to the jurisdiction. I am not aware of any case, or of any settled practice or usage of the courts of admiralty in this country, affirming the jurisdiction of those courts in cases where the title to, or right of property in vessels, simply, has been in dispute, and where the proceedings have been instituted to recover the possession, except between part owners; and I shall not be the first to set the precedent. The appropriate remedy is at common law, in an action of trover, or replevin, where, in the latter action, if the party seeks to obtain the possession in the first instance, he must give security for the return of the property, with damages for its detention in case he fails. Though the remedy is summary, and enables the person claiming the title to get immediate possession of the property, yet the rights of the adverse party are protected. But the proceeding in admiralty in a case where the title to a vessel, or the right to its possession, simply, is in dispute, and where the vessel is seized in the first instance, and taken out of the possession of the adverse party, is harsh, and may frequently lead to abuse. [There was an instance before us at this session, involving a case of grievous wrong, in which the rightful owner was deprived of the possession and use of the ship, and is still, and where the libellant was a man of straw, and the owner of course remediless as to the loss of the use of the vessel, besides the heavy expenses incurred in the custody and care of it pending the litigation. We refer to Erlen v. The Brewer [Case No. 4,519a.] [3] The jurisdiction in question was not exercised by the high court of admiralty in England, till it was conferred upon it by the late act of parliament of 3 & 4 Vict. c. 65. The John, 2 Hagg. Adm. 305; The Fruit Preserver, Id. 181; The Warrior, 2 Dod. 288; and see the cases collected in Leland v. The Medora [Case No. 8,237]. There is some conflict in the cases on this subject in the English admiralty, but the weight of them is against the jurisdiction. The act of parliament conferring it contains several regulations providing means possessed by the courts of common law and equity, of arriving at the truth and justice of the case; and, among others, the court is empowered to award issues of fact to be tried before the common law courts. I do not see that there is any thing in the question of the mere title to, or right of property in a vessel, beyond what there is in the case of any other article of personal property, that should make it the subject of admiralty jurisdiction. The dispute between part owners of a vessel about her employment is a very different matter. So is the exercise of the power to dispossess a master who has become disloyal to his owners; and such like cases. No doubt, the title to a vessel may frequently come, collaterally, in question, in cases where the subject matter in dispute is clearly within the admiralty jurisdiction. But I am speaking of cases where the subject matter of controversy is simply the title to, or property in the vessel, or the right to her possession, disconnected from matters that are confessedly within admiralty cognizance.

As I have looked into the whole of this case, and concur with the court below that it had no jurisdiction, I may as well dispose of the case finally, and shall therefore affirm the decree below, leaving the party to go before the proper tribunal at law, for redress.

[3] [From N. Y. Times, Oct. 10, 1853.]