HILL, In re.  See Case No. 8,443.
HILL, The.  See Case No. 9,711.

## Case No. 6,487.

HILL v. The AMELIA.

[6 Ben. 475.] [1]

District Court, S. D. New York.  April, 1873.[2]

POSSESSION—EQUITABLE AND LEGAL TITLE TO A VESSEL.

T. built a yacht, called the A., for D., in payment for which he was to receive a sum of money and another yacht belonging to D.  He received part of the money, but did not take possession of the other yacht.  D. sold the A. to H., by bill of sale, with the knowledge of T., who was present when the A. was delivered to H., and was employed by H. to take care of her. On the next day, T. took off her sails, delivered them to a cart which H. had sent for them, and took them to H.'s store, and there stored them. Afterwards H. paid T. $5, on account of his care of the yacht.  Some time after, on H. coming for the yacht, T. refused to give her up to him, claiming that she was his own.  H. thereupon filed a libel of possession against the yacht and T., to recover possession of the yacht.  No papers had been taken out at the custom house for the yacht till after the sale to H., when T. took out a license on his own certificate, as builder: *Held*, that the admiralty had no jurisdiction of the action.

[Cited in Neuberg v. Cargo of Mineral Phosphate, 15 Fed. 287; The G. Reusens, 23 Fed. 405; Rea v. The Eclipse, 135 U. S. 608, 10 Sup. Ct. 876.]

This was a libel filed by the libellant to recover possession of the yacht Amelia.  The yacht was built by the respondent [J. N.] Towns, for one Doncourt.  Towns was to be paid partly in money and partly by another yacht belonging to Doncourt.  Doncourt paid him part of the money, and told him where to get the other yacht, and ordered it to be delivered to Towns, but Towns did not take it.  Doncourt sold the Amelia to [Abraham] Hill, the libellant, giving him a bill of sale therefor.  Before Hill paid any part of the price, the three men met at Hill's store, and Towns was informed of the proposed sale, and Hill inquired of him if there were any claims against the yacht, and was told there were none.  The three then went to the yacht, where Doncourt, in Towns' presence, delivered her to Hill, and Hill employed Towns to take charge of the yacht for him The next day Hill sent a cart for the sails, which Towns took off and put on the cart, and, going with them to Hill's store, helped to store them there.  Hill afterwards, on one occasion, on Towns' request, paid him five dollars, on account of his taking charge of the vessel.  Hill thereafter went to get the yacht, when Town refused to deliver her up, claiming that she was his.  Hill thereupon filed this libel to recover possession of her.  No papers had been taken out at the custom house for the yacht, until after

1 [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]
2 [Affirmed in Case No. 275.]

the sale to Hill, when Towns took out a license on his own certificate, as builder.

Benedict, Taft & Benedict, for libellant.
M. Jacobs, for respondent.

BLATCHFORD, District Judge.  As the legal title to the vessel is in the respondent Towns, and has never passed from him, by a bill of sale, and as the libellant is seeking, therefore, in this suit, to enforce a merely equitable interest against such legal title, and a possession asserted by the respondent under it, I think the case is one of which a court of admiralty will not take cognizance, to deliver possession of the vessel to the libellants.  A petitory suit, to try the title to a vessel, must be confined to, and based on, a legal title.  Kellum v. Emerson [Case No. 7,669]; Kynoch v. The S. C. Ives [Id. 7,958].  Whatever rights the libellant has must be enforced in some other forum. The libel is dismissed, with costs.

[This decree was affirmed by the circuit court on appeal.  Case No. 275.  Pending the final decree, an application for an attachment for contempt against the claimant was denied (Id. 16,534], he having forcibly seized the vessel.]