AMBRAMOVIC, (DEMARTINI v.)

[See Demartini v. Ambramovic, Case No. 3,779.]

## Case No. 275.

### The AMELIA.

[23 Fed. 406, note.]

Circuit Court. S. D. New York. July 19, 1877.[1]

ADMIRALTY—JURISDICTION—EQUITABLE TITLE—POSSESSION.

T. built the yacht A. for D., and thereafter accepted part of the purchase money, and was present when D. sold her to one H. by bill of sale, and performed other acts which indicated that he considered himself no longer the owner of the yacht; but the title had never passed from him by any instrument of transfer, or by absolute delivery, and he subsequently claimed the ownership. On suit brought by H. to recover possession, *held*, that the legal title had never passed from T., and, as against a legal title, an admiralty court will not undertake to enforce an equitable title.

[Cited in The G. Reusens, 23 Fed. 406.]

[See Kynock v. The S. C. Ives, Case No. 7,958; Davis v. Child, Id. 3,628.]

[In admiralty. Libel by Abraham Hill to recover possession of the yacht Amelia from J. N. Towns. Libel dismissed, with costs. Reported as Hill v. The Amelia, Case No. 6,487. Decree affirmed.]

JOHNSON, Circuit Judge. The facts found in this case appear in the findings placed on file, and, so far as the material question is concerned, do not differ in substance from those which appeared in the district court. The legal title to the vessel did not pass from Towns, the builder, to Doncomb by any instrument of transfer, nor was there any

---

[1][Affirming decree of district court in Hill v. The Amelia, Case No. 6,487.]

absolute delivery of the yacht. It was part of the agreement that a bill of sale should be executed when the agreement on the part of Doncomb was fully performed, and this time never arrived. The case, therefore, is substantially, as it is stated in the opinion of the district court, an attempt to enforce an equitable interest as against a legal title. This the court of admiralty does not undertake. When it proceeds in a petitory suit, it proceeds upon legal title. Kellum v. Emerson, [Case No. 7,669;] the S. C. Ives, [Id. 7,958;] The John Jay, [Id. 7,352;] 2 Pars. Shipp. & Adm. 237, note 2. I do not find, and have not been referred to, any case which has been decided in this circuit, or in the supreme court of the United States, which holds a different doctrine; and I should be very unwilling to undertake to introduce a new and, at the least, a doubtful rule, in a case where my decision could not be reviewed, and would be a controlling precedent. If such a rule existed there could not fail to be numerous cases in which it must have been acted on. In Ward v. Peck, 18 How. [59 U. S.] 267, the claimant's case depended on matters clearly within the admiralty jurisdiction,—the power of a master to sell the ship,—and the libelants had the legal title unless it had been divested by the master's sale; and their legal title was sustained. There are other cases of this class, but they are not thought to conflict with the views expressed in this case by the district court, and which I have adopted. The decree must be affirmed, with costs.