### The C. C. Trowbridge.

*(District Court, N. D. Illinois.* January 29, 1883.)

JURISDICTION—DOES NOT ATTACH OVER EQUITABLE CLAIMS.

> Where the contract set out in the libel is merely a loan for money, for the payment of which the vessel was conveyed as security, the admiralty has no jurisdiction; the remedy is in equity.

In Admiralty.

*Wm. H. Condon,* for libelant.

*Schuyler & Kremer,* for respondents.

BLODGETT, D. J. This is a libel for the possession of the schooner C. C. Trowbridge, the substantial allegations being that on February, 28, 1881, the libelant was sole owner and in possession of said schooner; that on said day he borrowed of respondents, Goodman & Hinde, the sum of $4,000, and as security for said loan executed and delivered to them a bill of sale of the schooner, absolute on its face, conveying to them the whole of said schooner; that said bill of sale was executed on the understanding and condition that Goodman & Hinde should hold the schooner until such time as the amount so loaned should be repaid to them out of her earnings; that since the execution of said bill of sale libelant has acted as master of the schooner, and that her net earnings for the seasons of 1881 and 1882 have been received by Goodman & Hinde, and are more than enough to pay said loan and interest thereon; that on the twenty-seventh day of November last libelant was discharged from his position as master of said vessel, and that said Goodman & Hinde then for the first time denied that they held the title to said schooner subject to the conditions above stated, or any conditions, and informed libelant of their purpose to take the vessel out of this district for the purpose of having expensive repairs made upon her, which repairs libelant charges were wholly unnecessary; wherefore he prays that possession of the schooner be delivered to him; that the court decree the transfer and sale made by libelant to respondent to be only a mortgage; and that an accounting be had of the earnings of the schooner received by respondents, and that they be decreed to pay libelant all such earnings over and above the amount of such indebtedness.

Exceptions were filed to this libel, on the ground that this court has no jurisdiction, and on reference the commissioner (Proudfoot) to whom the libel and exceptions were referred has reported that the exceptions were well taken, and recommended that the libel be dismissed.

To this report libelant has excepted.

In his report upon the exceptions to the libel the commissioner has carefully collected and cited the authorities bearing upon the jurisdiction of courts of admiralty over controversies of this character.

In passing upon these exceptions to the commissioner's report, I only deem it necessary to say briefly that, by the showing of libelant, the legal title to the schooner in question was vested in respondents by the bill of sale, and libelant only retained the equitable right to have this legal title reconveyed to him when the indebtedness for which respondents held such title as security was fully paid. He

also charges that such indebtedness has been fully paid out of the earnings of the schooner; but the legal title still remains in respondents, with the equitable right, as the libelant now insists, to have the possession delivered to him and the legal title reconveyed to him.

This is not a maritime contract,—that is, a contract to be performed upon the high seas,—but it is merely a loan of money for the payment of which the schooner was conveyed as security.

It is settled that admiralty has no jurisdiction to foreclose a mortgage on a vessel by decreeing a sale, or by decreeing the ship to be the property of the mortgagees, and directing the possession to be delivered to them. The mere mortgage of a ship, other than that of hypothecated bottomry, is not a maritime contract, and the remedy is in equity. *Bogert* v. *The John Jay*, 17 How. 399. So a lien specifically reserved on a vessel by a contract with the builder, which, in legal effect, amounts only to a mortgage, cannot be enforced in a court of admiralty. *People's Ferry Co.* v. *Beers*, 20 How. 393. A court of admiralty has not jurisdiction of a proceeding *in rem* or *in personam* by one having a mere equitable title to a share of a vessel, but not in position to obtain possession and have specific performance. 3 Mason, 16; *Kynoch* v. *The Ives*, Newb. 205; *Davis* v. *Child*, Davies, 71. Nor will a court of admiralty take jurisdiction of a libel *in personam* which seeks an accounting for the proceeds of a voyage. *Duryea* v. *Elkins*, Abb. Adm. 529; *The William G. Rice*, 3 Ware, 134; *The Larch*, Id. 28. And admiralty takes jurisdiction of petitory suits for possession of vessels only in cases where the legal titles are involved. *Kellam* v. *Emerson*, 2 Curt. C. C. 79.

The transaction set out in the libel showing that libelant only claims an equitable title to this vessel, there can be no doubt, in the light of the authorities above cited, and they are only a few of many to the same purport, that this court has no jurisdiction to try the question involved in this controversy.

We cannot decree an accounting between these parties, and direct and enforce a reconveyance of the schooner to libelant, if, upon such accounting, we find that the indebtedness has been fully paid, but must leave the adjustment of such controversies to the more ample and flexible powers of a court of equity.

The exceptions to the commissioner's report are overruled, the report confirmed, and cause dismissed.