## THE G. REUSENS.[1]

### (District Court, S. D. New York.   March 5, 1885.)

1. Possession—Jurisdiction.
      In possessory actions a court of admiralty will not take cognizance of or enforce a merely equitable right as against the legal title of a defendant in possession; although it may decline, in its discretion, to enforce even a legal title, as against a meritorious equitable title accompanied by possession, or may give redress against a maritime tort upon an equitable vendee in possession.
2. Same—Title to Vessel—Sheriff's Sale—Secret Trust—Case Stated.
      The libelant B. claimed title to nineteen thirty-seconds of the bark G. R., under a sheriff's sale on an execution issued out of a state court on a judgment against one C.   He also claimed that possession was wrongfully withheld from him by R., master of the bark, and filed this libel against the bark, and against R. and C. to obtain possession.   R. appeared and denied the libelant's title; showed that he had possession of the bark, and exhibited a complete paper title in himself to twenty-six thirty-seconds, including the nineteen thirty-seconds claimed by libelant.   Thereupon the libelant offered to prove that at the time of the sheriff's sale and during the year preceding, the defendant R. held the nineteen thirty-seconds of the bark sold on execution upon a secret trust for the benefit of C.; also that C. had bought the nineteen thirty-seconds with his own money, and had caused the title to be taken in the name of R. in order to avoid the claims of C.'s creditors.   Held, that as C., a judgment debtor, never had a legal title or possession, a sheriff's sale upon execution against him did not of itself make a legal title in the vendee.   Before such a title could be recognized as a legal one, there must be established some secret trust in the holder of the legal title for the benefit of the judgment debtor that is fraudulent as against creditors.   Whether such a secret trust and fraud existed in this case were the only questions herein litigated.   Held, that such a matter is not a proper subject of inquiry in an admiralty court; and the libel must be dismissed for want of jurisdiction.
3. Same—The Yacht Amelia.
      The decision of Johnson, J., in the case of The Amelia, affirming 6 Ben. 475, and unreported elsewhere, appended.

In Admiralty.
*Goodrich, Deady & Platt* and *J. Warren Coulston*, for libelants.
*Benedict, Taft & Benedict*, for claimants.

Brown, J.   This libel was filed to recover possession of the bark G. Reusens by the libelant, as the alleged owner of nineteen thirty-seconds.   The defendant Risley, who is master and in possession, claims to be the owner of twenty-six thirty-seconds, including the nineteen thirty-seconds claimed by the libelant.

[1] Reported by R. D. & Edward Benedict, Esqs., of the New York bar.

The title of the libelant was made through a certificate and bill of sale, executed by the sheriff in pursuance of a sale under execution in a state court upon a judgment against one A. D. Conover, recovered on the twenty-second of October, 1883. The libelant upon the trial having offered in evidence proof of this judgment, of the execution issued upon it to the sheriff, of the sale under the execution in February, 1885, of nineteen thirty-seconds of this vessel to the libelant, and of the bill of sale executed to him by the sheriff, thereupon proceeded to give certain evidence, and offered other evidence tending to show that at the time of the sale under the execution, and during the year preceding, the defendant Risley held nineteen thirty-seconds of the bark upon a secret trust for the benefit of Conover; that Conover had negotiated for the purchase of these nineteen thirty-seconds in 1882; had paid the purchase price therefor with his own money, and had caused the title to be taken in the name of Risley for the purpose of avoiding the claims of C.'s creditors; that Risley had verbally acknowledged Conover's interest in the vessel, and had executed a bill of sale of these nineteen thirty-seconds at Conover's request, the name of the vendee being left in blank. Objection being made to the competency of this evidence in a possessory action in this court, the question, upon these offers of testimony, was submitted to the decision of the court whether it would entertain jurisdiction of such a litigation.

It is well settled, as a general rule, that in possessory actions a court of admiralty will not take cognizance of or enforce a merely equitable right as against the legal title of a defendant in possession; although it may decline, in its discretion, to enforce even a legal title, as against a meritorious equitable title accompanied by possession, or may give redress against a maritime tort committed against an equitable vendee in possession. Most of the American authorities on this question are cited in the case of *Wenberg* v. *A Cargo of Mineral Phosphate*, 15 FED. REP. 285, 287, 288. See, also, *The Dauntless*, 7 FED. REP. 366, and 19 FED. REP. 798; *The John Jay*, 3 Blatchf. 69; *The Clarissa Ann*, 2 Hughes, 89, 90; Abb. Shipp. *103, note *a*.

Counsel for the libelants seek to distinguish the present case from most of the cases referred to, in which the court refused to enforce a mere equitable title as against the holder of the legal title in possession, on the ground that here, through the sheriff's certificate and bill of sale, the libelants present a legal title. But it is plain that where the judgment debtor has never had the legal title or the possession, the sheriff's sale upon execution against him does not of itself make a legal title in the vendee. Before such a title can be recognized as a legal one, there must be established some secret trust in the holder of the legal title for the benefit of the judgment debtor that is fraudulent as against creditors. Otherwise, *prima facie* legal titles might be multiplied *ad infinitum*, through sheriffs' sales upon judgments that were against entire strangers to the property. Had

such a legal adjudication been had prior to the filing of this libel, that adjudication, together with the sheriff's bill of sale, would have presented a legal title proper to be enforced in the admiralty. In this case no such adjudication has been had. And the court is called upon in this action to investigate that question, and to find a secret trust and fraud against creditors, as between Conover, a judgment debtor, and Risley, who all along has been in actual possession, and had the apparent legal title. This is, in fact, the single subject of litigation. The object of the suit is the same as that of a bill in equity for relief against a secret trust and a fraud against creditors. This is precisely such a bill as STORY, J., says, in *Andrews* v. *Essex*, etc., 3 Mason, 6, 16, should not be entertained in the admiralty. There is no reason in this case to depart from this established rule. The transactions involved in the inquiry have no reference to maritime affairs, except the accidental circumstance that the property which is the subject of the alleged secret trust and fraud against creditors is a vessel. The purchaser at the sheriff's sale, having never acquired possession, must rely upon his remedies at common law or in equity to establish and perfect his right, if he has any.

This court cannot be made the mere instrument of enforcing the collection of debts against fraudulent judgment debtors by means of a suit like this, which is practically a bill in equity in aid of a purchaser under an execution. Such a proceeding is not only wholly foreign to the objects of an admiralty court, but is unnecessary as a legal proceeding. The rules applicable to the sales of part interests in ships are in general those that apply to other tenants in common. *The Two Marys*, 10 FED. REP. 919, 923. A sheriff selling such part interests upon execution is authorized to take possession of the whole property, and to deliver the whole to the purchaser. *Mersereau* v. *Norton*, 15 Johns. 179; *Phillips* v. *Cook*, 24 Wend. 389, 396; *Waddell* v. *Cook*, 2 Hill, 47, 49, note; *Smith* v. *Orser*, 42 N. Y. 132; *Atkins* v. *Saxton*, 77 N. Y. 195. In selling against a judgment debtor not holding the apparent title, he may require full indemnity before proceeding; and lawful owners, whose possession is disturbed by the sheriff, may look to him and to his indemnitors for satisfaction. It is even doubtful whether a sale by the sheriff without thus exercising his lawful dominion over the property sold should be sustained as valid. *Read* v. *McLanahan*, 47 N. Y. Super. Ct. 275. Such a course directly tends to litigation, and the sacrifice of property through nominal sales for a nominal consideration only. In the present case nineteen thirty-seconds of a vessel, worth several thousand dollars, appears to have been thus sold for $150. If this court had full discretion to entertain a suit of this character, it would not be inclined to exercise it under such circumstances, but would remit the parties to their legal or equitable rights in other tribunals.

In the case of *The Amelia*, 6 Ben. 475, the libelant presented, as in this case, a bill of sale from one who it was asserted had the equi-

table right. This court regarded the suit as one merely to enforce the vendor's equitable claim, and refused to entertain it. Upon appeal to the circuit the decision was affirmed. The opinion of JOHNSON, J., unpublished, is subjoined hereto.[1]

The libel must be dismissed, but without costs.

## [1]THE AMELIA.

### (*Circuit Court, S. D. New York.* July 19, 1877.)

POSSESSION—LEGAL AND EQUITABLE TITLES.

T. built the yacht A. for D., and thereafter accepted part of the purchase money, and was present when D. sold her to one H. by bill of sale, and performed other acts which indicated that he considered himself no longer the owner of the yacht; but the title had never passed from him by any instrument of transfer, or by absolute delivery, and he subsequently claimed the ownership. On suit brought by H. to recover possession, *held,* that the legal title had never passed from T., and, as against a legal title, an admiralty court will not undertake to enforce an equitable title.

In Admiralty.

JOHNSON, J. The facts found in this case appear in the findings placed on file, and, so far as the material question is concerned, do not differ in substance from those which appeared in the district court. The legal title to the vessel did not pass from Towns, the builder, to Doncomb by any instrument of transfer, nor was there any absolute delivery of the yacht. It was part of the agreement that a bill of sale should be executed when the agreement on the part of Doncomb was fully performed, and this time never arrived. The case, therefore, is substantially, as it is stated in the opinion of the district court, an attempt to enforce an equitable interest as against a legal title. This the court of admiralty does not undertake. When it proceeds in a petitory suit, it proceeds upon legal title. *Kellum* v. *Emerson,* 2 Curt. 79; *The S. C. Ives,* Newb. 205; *The John Jay,* 3 Blatchf. 67, 69; 2 Pars. Shipp. & Adm. 237, note 2. I do not find, and have not been referred to, any case which has been decided in this circuit, or in the supreme court of the United States, which holds a different doctrine; and I should be very unwilling to undertake to introduce a new and, at the least, a doubtful rule, in a case where my decision could not be reviewed, and would be a controlling precedent. If such a rule existed there could not fail to be numerous cases in which it must have been acted on. In *Ward* v. *Peck,* 18 How. 267, the claimant's case depended on matters clearly within the admiralty jurisdiction,—the power of a master to sell the ship,—and the libelant's had the legal title unless it had been divested by the master's sale; and their legal title was sustained. There are other cases of this class, but they are not thought to conflict with the views expressed in this case by the district court, and which I have adopted.

The decree must be affirmed, with costs.