## The Ella J. Slaymaker.

### Kent v. The Ella J. Slaymaker.

*(District Court, D. Delaware. August 13, 1886.)*

1. ADMIRALTY—JURISDICTION—EQUITABLE TITLE.
    A court of admiralty will not try the equitable title to a vessel, or compel the performance of a mere trust, when there is no evidence of a maritime contract between the parties.
2. SAME—MARITIME CONTRACT—SALE OF VESSEL AS COLLATERAL SECURITY.
    A bill of sale of a vessel as collateral security for the repayment of a loan, or as indemnity against loss on the contingent payment of obligations assumed for the vendor, is not, *per se*, a maritime contract.

In Admiralty.
*Benj. Nields,* for libelant.
*Johnston & Hayes,* for respondent.

WALES, J. This is a libel to try the title to and recover possession of the schooner Ella J. Slaymaker. The substantial facts are that the libelant, being the owner of the vessel, on the nineteenth day of August, 1884, executed a bill of sale transferring and conveying her to Samuel G. Warner, by way of collateral security, to indemnify the said Warner against loss on the contingent payment of certain obligations which he had assumed for the libelant, with the express understanding and agreement, and upon the special trust, that, when the said obligations were paid and discharged by the libelant, the vessel should be reconveyed to the latter; that all the obligations have been paid by the libelant, and Warner is no longer liable for the payment of the same or any part thereof; that the schooner was never delivered to Warner, but always remained in the possession and under the control of the libelant from the time the bill of sale was executed until the second of July, 1886, when she was attached at the suit of one

Pierson against Warner, as the property of the latter, and was in the custody of the marshal at the time of the filing of this libel.

Several exceptions are made to the libel, but they all amount to this: that the admitted facts do not bring the case within the admiralty jurisdiction of this court. It is plain that the agreement between Kent and Warner is not a maritime contract. It had no connection with or reference to the employment of the vessel in navigation,—to making repairs or furnishing supplies. The bill of sale, therefore, whether considered as the transfer of the property by way of a pledge or collateral security, or as a mere mortgage for the repayment of a loan, or as indemnity against a contingent loss, not being for the benefit of the vessel, and in nowise related to her use, does not afford a proper subject for admiralty. The contract is not, *per se*, a maritime one. The libelant retains only an equitable title to the vessel, and courts of admiralty in this country confine their jurisdiction to the trial of legal titles, and do not compel the performance of mere trusts. *Kellum* v. *Emerson*, 2 Curt. 79. The remedy of the libelant is in equity, and although a court of admiralty exercises equitable as well as legal jurisdiction, the subject must be of a maritime nature, and so come within the power of the court, which then applies the principles of equity. ·Ben. Adm. § 263; *Kellum* v. *Emerson, supra.* In *Bogart* v. *The John Jay,* 17 How. 402, the supreme court decided that the mere mortgage of a ship, other than that of an hypothecated bottomry, is a contract without any of the characteristics or attendants of a maritime loan, and is entered into by the parties to it without reference to navigation or perils of the sea. See, also, *The Larch,* 2 Curt. 427; *The William D. Rice,* 3 Ware, 134; *Ward* v. *Thompson,* 22 How. 330; *The Trowbridge,* 14 Fed. Rep. 874; *The Venture,* 21 Fed. Rep. 928; *Deely* v. *Brigantine, etc.,* 2 Hughes, 77. The cases cited by libelant's proctor do not conflict with the above authorities. There must be a decree dismissing the libel.