## THE CLIFTON.

(Circuit Court of Appeals, Fourth Circuit. February 6, 1906.)

No. 614.

1. SHIPPING—MORTGAGE OF VESSEL—WHAT CONSTITUTES.

A contract reciting that the second party had advanced to the first parties a sum of money with which to purchase a steamboat, the title to be taken in the name of said second party, which provided that the first parties should have possession of the vessel nominally as lessees, and that oh payment by them to the second party of the sum so advanced within three years, with interest, the title should be conveyed to them, and, further, that in case of her loss the second party should collect the insurance and account to the first parties for the excess above the amount due him, must be construed as a mortgage only, leaving the first parties the owners of the vessel, especially where it is shown that they had previously formed a partnership for the purpose of buying and operating the vessel, and that they in fact merely borrowed the money from the second party and executed the contract as security.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Shipping, § 96.]

2. ADMIRALTY—JURISDICTION—SUIT BY MORTGAGEE.

A contract by which a vessel is mortgaged to secure money borrowed to pay the purchase price thereof is not maritime in character, and a court of admiralty will not entertain a suit by the mortgagee to recover possession of the vessel thereunder.

[Ed. Note.—For cases in point, see vol. 1, Cent. Dig. Admiralty, §§ 181–184; vol. 44, Cent. Dig. Shipping, § 95.]

Appeal from the District Court of the United States for the Northern District of West Virginia, in Admiralty.

The appellant, Darlington, filed his libel in the court below against the steamboat Clifton, her tackle, apparel, etc., and H. B. Hulings and George F. Jones, to recover possession of said steamboat, under the following agreement filed with the libel:

"Articles of agreement made and concluded this 18th day of August, A. D. 1904, between George F. Jones, of the borough of Wilkinsburg, county of Allegheny and state of Pennsylvania, and H. B. Hulings, of the city of Allegheny, county of Allegheny and state of Pennsylvania, of the first part, and O'Hara Darlington, of the town of Sharpsburg, county of Allegheny and state of Pennsylvania, of the second part, as follows, to wit:

"Whereas, the party of the second part hereto has advanced to the parties of the first part hereto the sum of $4,000.00 for the purpose of purchasing the steamboat Clifton in the name of the party of the second part hereto and having said steamboat put in good repair and fully insured in the name of the party of the second part hereto, and whereas, the parties of the first part hereto have purchased and fully paid for the said steamboat Clifton and taken the full and legal title thereto in the name of the party of the second part hereto and put the said steamboat in good repair:

"Now, this agreement witnesseth, that for and in consideration of the premises and the mutual covenants and agreements herein contained, and for the sum of one dollar in hand paid by each party to the other, the receipt of which by each from the other is hereby acknowledged, the parties to this agreement hereby covenant and agree together, as follows, to wit:

"First. The parties of the first part hereto agree to pay to the party of the second part hereto the sum of $4,000.00 with interest at 6 per cent. payable quarterly from the date hereof in three years from the date hereof, reserving to themselves, however, the privilege of paying the whole or any part thereof at any regular interest paying period.

"Second. The party of the second part hereto agrees, on the receipt of the sum of $4,000.00, with interest from the date hereof, all of any such sum which, with any payment that may have been previously made hereon, according to the paragraph hereof, marked first, which will aggregate the sum of $4,000.00 with 6 per cent. interest thereon (interest, however, not to be charged on any part of the principal sum after the date of the payment of the same) to turn over to the parties of the first part hereof or to any person they may nominate the full legal title to the steamboat Clifton, and all papers relating thereto free and clear of all incumbrances imposed by him, the party of the second part hereto, and to hold them the parties of the first part hereto, discharged from any further liability for the said sum of $4,000.00 advanced to them as recited in the preamble hereof. And further that in case of the destruction of the said steamboat by fire, the party of the second part hereto agrees that he will hold the surplus of insurance money recovered on account thereof, over and above any indebtedness arising under these articles of agreement, subject to the orders of the parties of the first part hereto, and that he will prosecute the insurance company carrying risks on this boat to the full extent of their liability.

"Third. The party of the second part hereby agrees to lease to the parties of the first part hereto the steamer Clifton for the term of three years for annual rental of one dollar with the privilege of removing said steamboat Clifton at will to any point on the Allegheny, Monongahela or Ohio rivers, or any of their tributaries.

"And for the true and faithful performance of all and singular the above stipulations and undertakings the parties hereto bind themselves, each to the other, and their respective heirs, executors, administrators and assigns.

"In testimony whereof the parties hereunto set their hands and seals the day and year first above written.

"[Signed]                         O'Hara Darlington.   [Seal]
                                  "Geo. F. Jones.       [Seal.]
                                  "H. B. Hulings.       [Seal.]"

Under this agreement, which he termed a conditional sale or lease, the libelant claimed to be the owner of the steamboat, and that Hulings & Jones were wrongfully withholding the same from him, and that they had forfeited all rights under the contract aforesaid, and that they willfully, designedly, and fraudulently failed and refused to comply with the conditions of the conditional sale or lease, and that the same had thereby become of no effect and inoperative, and he accordingly prayed for the possession of the steamboat, and such other and further relief to him as to law and justice appertained, and seemed meet, etc. Process was regularly issued and the steamboat attached and taken possession of by the marshal. To this libel the respondent H. B. Hulings excepted, and made answer, setting up in effect that he and the said Jones entered into an agreement of copartnership for the purpose of acquiring the steamboat Clifton, and operating the same upon the waters of the Allegheny, Monongahela, and Ohio rivers and their tributaries, and that in pursuance thereof they borrowed from the libelant the sum of $4,000 to pay for the steamer, pursuant to the agreement hereinbefore recited, and bought and paid for the same, and took the title in the name of the said Darlington, but with the understanding that, when the $4,000 and interest was paid, the full legal title to the boat was to be turned over to them, or any person they might nominate; that the libelant was not the owner of the steamboat, but that the said Hulings & Jones were in fact the real owners thereof and owed the $4,000 thereon to said Darlington, as well as certain other moneys referred to, and he further charged that his copartner, Jones, was a person of small means, and that he had colluded

with the libelant to secure possession of the steamboat from respondent, and to deprive him of his rights under his contract of copartnership with said Jones, as well as under the contract of copartnership aforesaid with libelant; that respondent was the master of the steamer, and, having discovered the purpose on the part of his partner and the libelant to deprive him of his rights as aforesaid, he, prior to the time of the filing of the libel herein on the 13th day of February, 1905, to wit, on the 18th day of January, 1905, duly filed his bill in equity in the circuit court of Wood county, W. Va., against said Jones and Darlington, asking the winding up of the partnership between himself and his said partner, and that said Jones and Darlington should be prohibited from interfering with the business and the conduct of the same until its dissolution and the completion of certain contracts of affreightment then in process of execution, and that a receiver be appointed to take charge of the property of the copartnership, including the steamer, and complete said contracts. A receiver was duly appointed who gave bond in the penalty of $25,000, and regularly possessed himself of said partnership property, including the steamer; and the circuit court of Wood county subsequently directed the completion of said contracts of affreightment, and to secure money to that end authorized the issuance of receiver's certificates in the sum of $3,500.

In the subsequent progress of said admiralty cause the receiver of the state court duly appeared, filed his petition and answer, setting up his appointment as receiver by the circuit court of Wood county, W. Va., prior to the institution of the admiralty proceedings, and of the fact of his possession as such receiver of the copartnership property of Hulings & Jones, including the said steamboat, and of his dispossession thereof by the marshal, under the process issued in the admiralty cause, and asked for the protection of his rights as such, and in the latter cause he was also designated by the federal court as special receiver, to complete the contracts of affreightment aforesaid, and he gave bond to that court for that purpose. Evidence was thereupon duly taken, and the cause finally heard upon the pleadings and proofs, and the district court sustained the exceptions to the libel, and dismissed the same, from which action of the court, this appeal was taken.

John F. Hutchinson and L. R. Via, for appellant.

James W. Vandervort (Reese Blizzard, on the brief), for appellees.

Before PRITCHARD, Circuit Judge, and WADDILL and KELLER, District Judges.

WADDILL, District Judge, after stating the facts as above, delivered the opinion of the court.

The assignments of error are quite numerous in this case, but the more material questions arising upon the record are as follows: First. That the state court having acquired jurisdiction of the subject-matter in controversy, by reason of the suit in equity previously instituted therein, whether the district court had jurisdiction to entertain the libel, and if such jurisdiction existed, it ought to have been exercised under the circumstances. Second. Whether, merely because the subject-matter of the litigation was vessel property, a court of admiralty should have entertained jurisdiction thereof. Third. That the libelant was a mere mortgagee seeking to secure possession of mortgaged property, and not entitled to the interposition of a court of admiralty to secure such relief.

On the first and second propositions much can be said to support the contentions of the appellee, and a full discussion of the subjects will be found on the first in the case of Moran v. Sturges, 154 U. S.

256, 274, 276, 277, 284, 285, 14 Sup. Ct. 1019, 38 L. Ed. 981, and on the second, in the case of Ward v. Thompson, 22 How. 330, 16 L. Ed. 249; Rose's Notes, vol. 5, p. 945; The Eclipse, 135 U. S. 599, 608, 10 Sup. Ct. 873, 34 L. Ed. 269; Hughes' Admiralty, pp. 17, 18. But, in the view taken by the court of the character of the contract under consideration, it will not be necessary to pass especially upon these questions, as the third objection raised is conclusive of this case. The libelant under the contract between himself and Hulings & Jones here-inbefore recited, particularly when read in the light of the circumstances of its execution, and in connection with the agreement between the said Hulings & Jones, was manifestly not the owner of said steamboat, but a mere mortgagee thereof, that the paper under which the libelant now claims to be the owner of the steamboat was intended only as a security for $4,000 and interest, and that, in so far as it appeared to be otherwise, it was but a makeshift and device to cover up the real transaction which was only designed to secure him the money borrowed, while the vessel in point of fact belonged to Hulings & Jones.

Nothing is better settled than that a court of admiralty will not afford relief to a mortgagee seeking to recover possession of property mortgaged to secure the payment of a nonmaritime debt. Such a contract as the one under consideration here is in no sense maritime in character; the loan having none of the characteristics of such a debt, and having been effected without regard to the navigation or perils of the sea. Bogart v. The John Jay, 17 How. 399, 15 L. Ed. 95, Rose's Notes, vol. 5, p. 483, and cases cited; The Lottawanna, 21 Wall. 558, 582, 583, 22 L. Ed. 654, Rose's Notes, vol. 8, pp. 470, 477; The Guiding Star (D. C.) 9 Fed. 521, 524; The C. C. Trowbridge (D. C.) 14 Fed. 874; Deely v. The Ernest and Alice, 2 Hughes, 70, 77, Fed. Cas. No. 3,735.

It follows that the decision of the lower court is plainly right, and the same should be affirmed.

Affirmed.