THE HELYS.

(District Court, S. D. New York. November 12, 1909.)

ADMIRALTY (§ 8*)—JURISDICTION—VALIDITY OF MORTGAGE.

Where a libel for the possession of a vessel shows that the action, which it institutes, involves a mortgage, the validity of which the court would be required to pass upon, and to try questions of fraud and mis-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

take, jurisdiction will not be entertained for the purpose of ousting the mortgagee from possession.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. § 125; Dec. Dig. § 8.*]

(Syllabus by the Judge.)

In Admiralty. Action by Frank E. Crosby and others against the gasoline launch Helys. Richard H. Gillespie, claimant, excepts. Exceptions sustained.

Dennis F. O'Brien, for libellant.
Cushman & Dewell, for exceptions.

ADAMS, District Judge. The libellants Frank E. Crosby and others allege that they are the true and lawful owners of the gasoline yacht Helys and that she has since the 21st of October, 1909, been wrongfully withheld from them by one Richard H. Gillespie, on alleged ground of title. The third allegation of the libel is:

"Third: That the said claim of title to the possession of the said launch is entirely false and invalid, the said title depending upon and being referred to a certain mortgage made by the libellants hereto to the said Richard H. Gillespie, as mortgagee, on or about the 6th day of July, 1909, which mortgage was made upon fraudulent misrepresentations and it was fraudulently made and executed in failing to conform to the provisions mutually agreed upon and was in fraud of the rights of the libellants and that therefore the libellants aver is utterly void."

They then pray that the said Gillespie may be cited to show cause why possession shall not be delivered to them.

The claimant, Gillespie, appeared and excepted to the libel as follows:

"First: In that the court is wholly without jurisdiction in the premises and in this action.

Second: In that the libel in this action does not state facts sufficient to constitute a cause of action."

While the claim is nominally for possession, the action obviously involves the consideration of the disputed mortgage. The libellants claim in their brief:

"This whole transaction was on maritime contract of sale and the question involves a maritime mortgage and the libellants are merely endeavoring to preserve their legal title under the contract of sale and are therefore clearly within their rights in bringing this action within the jurisdiction of this court."

So far, however, as appears from the libel, the question involves a mortgage of the vessel and the court in order to determine the action would be required to adjudicate upon the validity of the mortgage and try the questions of fraud and mistake. Gillespie is apparently rightfully in possession and until these questions are determined adversely to him, should continue in possession. It is well settled that admiralty will not entertain jurisdiction of a matter of this kind. The G. Reusens (D. C.) 23 Fed. 403; The Amelia (C. C.) 23 Fed. 406.

The exceptions are sustained.