## THE ANGLER.

**DE FRANCESCO v. CENTRAL AMERI-CAN DISTRIBUTING CORPORATION et al. (MATHIASEN SHIPPING CO., Inc., Intervener).**

No. 15384.

District Court, E. D. New York.

May 11, 1938.

Angelo A. Tumminelli, of New York City, for libelant.

Max Rockmore, of New York City, for claimant.

Thomas A. McDonald, of New York City (John J. Heckman, of New York City, of counsel), for intervener.

BYERS, District Judge.

The libelant asserts that she is the owner and holder of a preferred mortgage upon the Steam Screw Angler, dated October 8, 1937, which she seeks to foreclose in this proceeding.

The claimant Adisco Discount Corporation asserts title to the vessel by virtue of a sale under execution of its judgment recovered against the Central American Distributing Corp., as owner of the vessel, prior to the date of the filing of the libel which was March 16, 1938.

The intervener filed a libel against the vessel in a cause of towage on the 11th of March, 1938, in this Court, and by virtue thereof has filed its petition for intervention herein.

At the trial, the libelant offered in evidence a document entitled "Mortgage of enrolled vessel", and in the Consolidated Certificate of Enrollment and License which forms a part of the said mortgage, Plage, above-named, of 79 Elton Street, Brooklyn, appears as the owner, although the mortgage recites that Central American Distributing Corp. is the sole owner.

The document was received in evidence as a document only, because it manifestly is not entitled to recognition as a preferred mortgage, since it was not recorded in conformity with the requirements of title 46 U.S.C. § 921, 46 U.S.C.A. § 921, if it be assumed that this section of the law applies, in view of the recitals in the Certificate of Enrollment and License to the effect that the gross tonnage is of 199.-57 tons.

The vessel seems not to be within the exceptions listed in section 922, sub-

division (a), of the statute, although, by .43 of a ton, it is less than of 200 gross tons.

Further it does not appear that the mortgage is endorsed upon the vessel's documents; nor that an affidavit is· filed with the record of such mortgage, to the effect that it was made in good faith and without any design to hinder, delay or defraud any existing or future creditor of the mortgagor or any lienor of the mortgaged vessel; nor does it appear that the mortgagee is a citizen of the United States.

It appears from the testimony as stated by counsel on the trial that: "The unfortunate part of the situation is this: that although this is a mortgage in due form, it was never recorded. Application was made to the officials of the Department of Commerce for the recording of this mortgage, but the same was refused for the reason that the Central American Distributing Company had never applied for letters to. operate this boat and their bill of sale showing clear title to this boat was never filed with the proper officials, and the mortgage was therefore refused."

■ The libelant's theory was that, because the money said to have been secured by the mortgage was used for the purpose of paying maritime liens existing in October of 1937, the Court would have jurisdiction to grant the relief sought.

Since the statute has not been complied with, the Court is without jurisdiction to foreclose the mortgage. Detroit Trust Co. v. The Thomas Barlum, 293 U.S. 21, 55 S.Ct. 31, 79 L.Ed. 176.

The libel must be dismissed, with ·costs. Settle decree.