## THE GUAYAQUIL.

## THE BUENAVENTURA.

### Nos. 15711, 15712.

District Court, E. D. New York.
Oct. 9, 1939.

John J. Heckman, of New Dorp, S. I., N. Y., for libellant.

· Wayne Johnson, of New York City (Thomas J. Maginnis and Arthur P. Loughran, both of New York City, of counsel), for respondents.

BYERS, District Judge.

Hearing on exceptions to libels.

These libels are identical and will be the subject of disposition accordingly.

The challenged allegations are:

"Third: In the month of April, 1939, Panama Railroad Company, then owner of the S/S Guayaquil advertised publicly for purchase bids on said vessel.

"Fourth: In the same month Michael A. Charles, made a bid which was accepted.

"Fifth: Michael A. Charles made partial payments which were accepted by Panama Railroad Company as agreed and in August 1939 upon tender of further payment as agreed, said company refused to perform the acts necessary to give possession of said vessel to Michael A. Charles.

"Sixth: Michael A. Charles has assigned all his interest in the premises to the libellant."

The prayer for process is that cause be shown "why possession of the said S/S Guayaquil should not be delivered to the libellant as having full title to the possession thereof" and that delivery be decreed etc.

It will be seen that there is no allegation of title in the libellant. It is because there is no title, that libellant seeks to acquire it through process of this court. In other words, libellant seeks, in effect, a decree directing specific performance of a bid which has not ripened into ownership.

 That jurisdiction does not pertain to the admiralty court to enforce a contract of purchase of a vessel, was said by the Supreme Court in Rea v. Steamer "Eclipse", 135 U.S. 599 at page 608, 10 S.Ct. 873, at page 876, 34 L.Ed. 269:

" * * * While the court of admiralty exercises its jurisdiction upon equitable principles, it has not the characteristic powers of a court of equity. It cannot entertain a bill or libel for specific performance, or to correct a mistake (Andrews v. Essex F. & M. Ins. Co. [Fed.Cas.No. 374], 3 Mason, 6, 16); or declare or enforce a trust or an equitable title (Ward v. Thompson [63 U.S.], 22 How. 330 [16 L.Ed. 249]; Hill v. The Amelia [Fed.Cas.No.6,487], 6 Ben. 475; Kellum v. Emerson [Fed.Cas. No.7,669], 2 Curt. 79) * * *."

The Ada, 250 F. 194, decided in 1918 by the Second Circuit Court of Appeals, is a cause in which a decree for libellant was reversed, because no maritime cause was disclosed in a charter party containing an option to purchase the chartered vessel, as to which a breach of contract was asserted.

It has not been shown for the libellant that the law is otherwise than as stated in the opinions in that case.

This does not become a possessory cause, by merely calling it such. The court is required to satisfy itself from the challenged pleading, that jurisdiction pertains, and the contrary appearing, it follows that the exceptions must be sustained.

It is not presently seen how the jurisdictional infirmity of libellant's cause can be cured by granting leave to amend. Such right will not be accorded on the record as now made.

If libellant, on settlement of the decree, is so advised, it may serve and file an affidavit, verified by an officer, containing a statement of such facts as are deemed to be appropriate to granting leave, under Supreme Court Admiralty Rule 23, 28 U. S.C.A. following section 723, to serve and file an amended libel.

Exceptions sustained. Settle decree on 2 days' notice.