**HIRSCH v. THE SAN PABLO et al.**
No. 168.

United States District Court
S. D. Florida, Tampa Division.
July 27, 1948.

Martin Schlesinger, of New York City, for libelant.

Fowler, White, Gillen, Yancey & Humkey, of Tampa, Fla., for respondents.

BARKER, District Judge.

This matter is before me on exceptions to the libel asserting that admiralty is without jurisdiction.

Libelant sued the sea-going dredge San Pablo in rem and the respondent Branning in personam. According to the libel, the facts are as follows: Branning is the owner of the San Pablo, it appearing that he purchased the vessel from the United States. Libelant advanced $10,570 to Branning to be used in Branning's purchase of the San Pablo, which money and certain expenses in connection therewith Branning promised to repay, with interest. Branning also agreed to assign his interest in the San Pablo to libelant, a copy of such agreement being attached to the libel. Upon Branning's failure to repay as promised, libelant brought this action. He asks that the San Pablo be sold to pay the amount due him or, in the alternative, that the court decree the San Pablo to be his property.

The document attached to the libel is most informal in character, and would appear to be, not a promise by Branning to assign his interest in the San Pablo, but a conveyance of Branning's interest in presentae. The court, however, will accept the construction placed upon the document by the allegations of the libel, as indeed, it is bound to do.

Considering the libel in terms most favorable to libelant, it alleges either an executory contract by Branning to convey his interest in the San Pablo to libelant, or that libelant holds a lien against the San Pablo to secure the moneys advanced by libelant to purchase the vessel. In either case, libelant states no cause cognizable in admiralty.

If the libel be considered to allege an executory contract to convey Branning's interest, admiralty is without jurisdiction, for it is settled that admiralty cannot entertain a bill for specific performance or to enforce an equitable title. Rea v. The

Eclipse, 135 U.S. 599, 10 S.Ct. 873, 34 L.Ed. 269; The Guayaquil, D.C., 29 F.Supp. 578; The Amelia, C.C., 23 F. 406; The Ella J. Slaymaker, D.C., 28 F. 767; The Captain Johnson, D.C., 64 F.Supp. 559; The Ada, 2 Cir., 250 F. 194.

On the other hand, if the libel be considered to assert a lien against the 'San Pablo to secure the purchase money advanced, libelant is in no better position to seek enforcement of his rights in admiralty. The advancement of funds to be used in purchasing a vessel is not a maritime transaction. Its only purpose has regard merely to a change in ownership, and not to the use of the vessel in navigation, or the perils of the sea. It creates no maritime lien. The Perseverance, 19 Fed.Cas. page 307, No. 11017; The Sarah Harris, 21 Fed. Cas. page 447, No. 12,346; The Clifton, 4 Cir., 143 F. 460.

The execution of the document attached to the libel adds nothing to the situation, whether it be considered a deposit of the title to secure the advances, The John Jay, 17 How. 399, 58 U.S. 399, 15 L.Ed. 95; The Perseverance, supra; Ella J. Slaymaker, supra; or a mortgage The John Jay, supra, The Madrid, C.C., 40 F. 677; The Clifton, supra.

Eliminating from consideration bottomry and respondentia bonds, the only mortgage on a ship which may invoke the admiralty jurisdiction for its foreclosure is a preferred mortgage executed and recorded in accordance with the requirements of the Ship Mortgage Act of 1920, 46 U.S. C.A. §§ 911–984, The John J. Barlum, 293 U.S. 21, 55 S.Ct. 31, 79 L.Ed. 176; The Emma Giles, D.C., 15 F.Supp. 502, The Angler, D.C., 23 F.Supp. 341. There is not even a suggestion that the document presently under consideration falls within this class of instrument.

To invoke admiralty jurisdiction in rem, libelant must have some transaction upon which to base a claim of a maritime lien The Rock Island Bridge, 6 Wall. 213, 73 U.S. 213, 18 L.Ed. 753; The Propeller Commerce, 1 Black 574, 66 U.S. 574, 17 L. Ed. 107; 1 Benedict (Sixth Ed.) 18; to sue in personam he must at least have a maritime right. Here libelant has neither.

Libelant has submitted a brief to which he has attached an additional contract by which he gave Branning an option to repurchase the vessel for the amount expended by libellant. I cannot consider this document in the present state of the record, but even if I could, it would not alter the situation. The Ella J. Slaymaker, supra. From this contract it appears that Branning did not have title to the San Pablo at the time he executed the document attached to the libel. This may account for libelant's allegation of an agreement to assign instead of an assignment in presentae.

It is not presently seen how the defect in libelant's case could be cured by amendment. On the settlement of the decree, however, libelant may, if so advised, submit an affidavit containing a statement of such facts as are deemed appropriate to granting leave, under Admiralty Rule 23, 28 U.S.C.A., to serve and file an amended libel. The Guayaquil, supra.

Settle decree on 5 days' notice.