447 F.2d 966
 RICHARD BERTRAM & CO., Plaintiff-Appellant,
v.
The YACHT, WANDA, in rem, her engines, etc.; John N.
Leopold, et al., Defendants-Appellees.
No. 71-2010 Summary Calendar.*
*Rule 18, 5th Cir.; see Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Aug. 23, 1971.
 
 George O. Mitchell, Dixon, Dixon, Lane & Mitchell, Miami, Fla., for plaintiff-appellant.
 Richard M. Leslie, Phillip G. Newcomm, Shutts & Bowen, Miami, Fla., for defendants-appellees.
 Before COLEMAN, SIMPSON, and MORGAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 The hereunto appended Order of the District Court for the Southern District of Florida is
 
 
 2
 Affirmed.
 
 APPENDIX
 ORDER
 
 3
 (Style and Number Omitted)
 
 
 4
 (Filed March 30, 1971)
 
 
 5
 FULTON, Chief Judge.
 
 
 6
 This cause came before the Court upon defendant's motion to dismiss. This is a suit in the nature of a possessory or petitory action brought in admiralty by the plaintiff Richard Bertram & Company. The plaintiff Seeks to try the title to the yacht 'Wanda' and seeks an order from this Court declaring plaintiff the legal owner of the vessel.
 
 
 7
 Plaintiff Bertram & Company apparently negotiated with a Dutch company for the construction of a vessel. Upon completion of the vessel, the defendants were to cause the vessel to be brought to the United States and to be documented. The plaintiff has attached a copy of a letter purporting to be the contractual agreement between plaintiff and defendants, which provides, among other things, that the title to the yacht would remain in the plaintiff Bertram until the defendants paid $166,800 to the plaintiff. It is alleged that this sum was never paid; thus, the plaintiff now seeks to have title declared in its name.
 
 
 8
 Although subject to some criticism, Flota Maritima Browning v. M/V Ciudad de la Habana, 218 F.Supp. 938 (D.Md.1963), the prevailing rule has been that a contract for the sale of a ship is not a maritime contract. Flota Maritima Browning de Cuba v. Snobl, 363 F.2d 733 (4th Cir. 1966); Williams v. The Atte-Wode, 1941 A.M.C. 1428 (N.D.Ill.1941); Gilmore & Black, The Law of Admiralty, 25 (1957); 1 Benedict on Admiralty, Section 67 (6th ed. 1940). Similarly, an admiralty court does not have jurisdiction to compel specific performance of a contract to purchase a vessel. The Guayaquil, 29 F.Supp. 578 (E.D.N.Y.1939). Nor is a contract for the construction of a vessel within the admiralty jurisdiction of the Court. Thames Towboat Co. v. The Francis McDonald, 254 U.S. 242, 41 S.Ct. 65, 65 L.Ed. 245 (1920); Silver v. Sloop Silver Cloud, 259 F.Supp. 187 (S.D.N.Y.1966); 1 Benedict on Admiralty, Section 69 (6th ed. 1940). And prior to the enactment of the Ship Mortgage Act of 1920, the admiralty court had no jurisdiction over a suit to foreclose a mortgage on a vessel. Bogart v. The Steamship John Jay, 17 How. 399, 402, 15 L.Ed. 95; 2 Am.Jur.2nd, Section 122 (1962). Today, if a mortgage is within the Act, admiralty jurisdiction is exclusive; if the mortgage is not within the Act, admiralty has no jurisdiction. The Thomas Barlum, 293 U.S. 21, 55 S.Ct. 31, 79 L.Ed. 176 (1934).
 
 
 9
 The boundaries of admiralty jurisdiction over contracts have always been difficult to draw. A maritime contract is one which concerns transportation by sea, relates to navigable waters and concerns maritime employment. General Engine & Machine Works v. Slay, 222 F.Supp. 745 (S.D.Ala.1963). The mere fact that a ship is involved will not bring the cause within the jurisdiction of the admiralty court. But, whether this suit is viewed as one to enforce a security interest or mortgage on a vessel, a suit to try or quiet title, a suit for breach of a contract of sale, or a suit upon a contract to construct a vessel, it is not within the admiralty jurisdiction of this Court. See especially, Williams v. The AtteWode, 1941, A.M.C. 1428 (N.D.Ill.1941). Thereupon, it is
 
 
 10
 Ordered and adjudged that defendants' motion to dismiss be and the same is hereby granted.