ROBERT A. SMITH, FRANCIS S. ALTEMUS and ISAAC HYNE-MAN, Appellants, v. JOHN ORSER, Sheriff of the City and County of New York, Respondent.

It is the duty of an officer, in executing a warrant of attachment upon the interest of one member of a partnership, to take into his possession the partnership property.

There is no distinction in this respect, between an attachment and an execution.

(Argued January, 1870; decided March 18th, 1870.)

APPEAL from an order of the General Term of the Supreme Court, in the first district, granting a new trial to the defendant.

This is an action for the recovery of personal property and damages for its detention.

The property originally belonged to a firm by the name of Smith, Seckle & Co., composed of Smith, Seckle, Hyneman and Hartman, and formed November, 1854. Seckle sold out

to the plaintiff, Altemus, in July, 1855, and the firm then became Smith, Altemus & Co., Hartman having previously, in May, 1855; withdrawn. The new firm was then composed of Smith, Altemus and Hyneman, the plaintiffs in this action.

The property for which the action was brought had been taken possession of by the defendant, and was in his possession at the time of the commencement of the action, and was taken from his possession by the owners in September, 1859. The sheriff claimed to hold such property by virtue of three attachments duly issued and signed by a justice of the Supreme Court, and delivered to him. One delivered August 1, 1855, in favor of one Buckingham against Smith, Seckle, Hartman and Hyneman; and two others. in favor of Hartman against Smith, Seckle and Hyneman, delivered August 4, 1855, and September 3, 1855, respectively. Smith and Hyneman were non-residents; Altemus was, or claimed to be, a resident of this State.

The action was tried at the circuit in New York, and a verdict found for the plaintiff. The circuit judge held and instructed the jury that, if Altemus was a resident of this State and really owned the interest of Seckle in said property, the sheriff had no right by virtue of his levy under the warrant of attachment to take or hold possession of the property. This ruling was duly excepted to, and the General Term of the first district holding it erroneous, ordered a new trial, from which order the plaintiff appealed to this court.

(The case below is reported 43 Barb., 187.)

*W. W. McFarland*, for the appellants, cited Collyer on Part., §194; *Mathewson* v. *Clark* (6 How. U. S., 122); *Kingman* v. *Spurr* (7 Pick., 238); *Brownley* v. *Camby* (3 Duer, 9); Matter of Smith, 16 John., 102; *Stoutenburgh* v. *Vandenburgh* (7 How. Pr. R., 229); *Sears* v. *Gram* (id., 383); *Buffum* v. *Seaver* (16 N. H., 160); *Newman* v. *Bean* (1 Foster, 93); *Gibson* v. *Stevens* (7 N. H., 52); *Morrison* v. *Bloodgett* (8 N. H., 238); *Willis* v. *Freeman* (35 Vt., 44); *Smith* v. *Emerson* (43 Pa. St. R., 456); *Lathrop* v. *Wright-*

*man* (41 Pa. St. R., 296); *Deal* v. *Boyne* (8 Harris, 228); *Nixon* v. *Nash* (12 Ohio N. S., 647); *Atwood* v. *Meredith* (37 Miss., 8 George, 63); *Pitman* v. *Robisho* (14 La. An., 108); *Jones* v. *Thompson* (12 Cal., 191); *Thomas* v. *Lusk* (13 La. An., 277); *Haskins* v. *Everett* (4 Sneed, 531); *Hill* v. *Higgins* (11 Foster, 292); *Witter* v. *Richards* (10 Conn., 41); *Burril* v. *Acker* (21 Wend., 626); S. C., 23 id., 605; *Jarvis* v. *Hyer* (4 Dev., 367); *Murrill* v. *Rinker* (1 Bald., 528); *White* v. *Dougherty* (Mart. & Yerg., 309); *McCarty* v. *Ember* (2 Yeates, 190); *Dower* v. *Stauffer* (1 Penn., 198); *Knox* v. *Schepler* (2 Hill, S. C., 195); *Knox* v. *Summers* (4 Yeates, 477); *Tappan* v. *Blaisdell* (5 N. H., 189); *Lyndon* v. *Gorham* (1 Gallis, 367); *Pierce* v. *Jackson* (6 Mass., 242); *Fisk* v. *Herrick* (6 Mass., 271); *Phillips* v. *Bridge* (11 Mass., 242); *Goodwin* v. *Richardson* (11 Mass., 469): *Rice* v. *Austin* (17 Mass., 197); *Adams* v. *Paige* (7 Pick., 542); *Wilson* v. *Conine* (2 John., 280); *Smith* v. *Baker* (1 Fairf., 458); *Heydon* v. *Heydon* (1 Salk., 392); *Fox* v. *Hunbury* (Cowp., 445); *Moody* v. *Blaisdell* (5 N. H., 190); Emerigon, Traitè des Con. à la gross, c. 12, § 6; *Ex parte* Cook., 2 P. Wms., 499; *West* v. *Skip* (1 Ves. Sen., 456); *Ex parte* Elton, 3 Ves., 238; *Taylor* v. *Fields* (4 Ves., 396); *Ex parte* Abell, 4 Ves., 837; *Ex parte* Kensington, 14 Ves., 447; *Ex parte* Taitt, 16 Ves., 193; Ch. De Saussure in *Woddrop* v. *Ward* (3 Dess. Ch. R., 203); 2 McCord, Ch. R., 302; *McCulloh* v. *Dashrill's Admr.* (1 Harr & Gill., 96); *Barber* v. *Hartford Bk.*, (9 Conn., 407); *Wilder* v. *Keeler* (3 Paige, 167); *Allen* v. *Wells* (22 Pick., 450); *Lyndon* v. *Gorman* (1 Gall., 367); *Johnson* v. *Evans* (7 Mann. & G., 240); *Filley* v. *Phelps* (18 Conn., 294); *Dutton* v. *Merrison* (17 Ves., 193); *Commercial Bank* v. *Wilkins* (9 Greenl., 33); *Douglas* v. *Winslow* (20 Me., 89); *Moody* v. *Payne* (2 John. Ch., 548); *Winston* v. *Ewing* (1 Ala. N. S., 129); *Rodriquez* v. *Hefferman* (5 John. Ch., 417); *Nicoll* v. *Mumford* (4 John. Ch., 522); *Cummack* v. *Johnson* (1 Green. Ch., 163); *United States* v. *Hack* (8 Peters, 271); *Gilman* v. *N. A. Land Co.* (1 Peters, 460); *Mobley* v. *Lombat* (7 How. Miss., 318);

*Sibler* v. *Walker* (Freeman Ch., Miss., 77); *Greene* v. *Greene* (1 Ohio, 535); *Place* v. *Sweetzer* (16 Ohio, 142); *Tredwell* v. *Roscoe* (3 Dev., 50).

*A. J. Vanderpoel*, for the respondent, cited *Goll* v. *Hinton* (8 Abb., 120); *Phillips* v. *Cook* (24 Wend., 406); *Scrugham* v. *Carter* (12 Wend., 131); *Waddell* v. *Cook* (2 Hill., 47); *Mowbray* v. *Lawrence* (13 Abb., 317); *Burrel* v. *Acker* (23 Wend., 606); *Collins* v. *Hood* (4 McLean, 186); *McPherson* v. *Pemberton* (1 Jones' Law. R., 378); *Heydon* v. *Heydon* (1 Salk., 392); *Mesereau* v. *Norton* (15 John., 179); *Patterson* v. *Perry* (10 Abb., 82); *Kelly* v. *Brensing* (33 Barb., 123); *Rinchey* v. *Stryker* (26 How., 75); *Rhodes* v. *Wood* (41 Barb., 471); *Skinner* v. *Stuart* (39 Barb., 206); *McCay* v. *Harrower* (27 Barb., 463); *Whitney* v. *Ladd* (10 Vt., 165); *Read* v. *Shepardson* (2 Vt., 120); *Welch* v. *Clark* (12 Vt., 686); *Shaver* v. *White* (6 Munf., 110); *Remmington* v. *Cady* (10 Conn., 44); *Buddington* v. *Stewart* (14 Conn., 404); *Reed* v. *Howard* (2 Metc., 36); *Bradbury* v. *Smith* (21 Me., 117); *Douglas* v. *Winslow* (20 Me., 89); *Morgan* v. *Watmough* (5 Whar., 125); *McCarty* v. *Emlen* 2 Dall., 277); *Bryan* v. *Lashley* (13 S. & M., 284.)

E. DARWIN SMITH, J.   It can scarcely be doubted, I think, that the ruling of the judge at the circuit, that the sheriff, under attachments against two members of a partnership, consisting of three members, had no right to take and hold possession of the partnership property, was in conflict with well settled law in this State.

The warrant of attachment, issued under section 231 of the Code, expressly required him to attach and safely keep all the property of the defendants, Smith and Hyneman, within his county.

The property of these two members of said firm it was his clear duty to seize and safely keep, to answer any judgment that might be rendered in such action (section 232).   He could not perform his duty and make the process effectual

without taking the property of the partnership into his possession.

It appears that the same learned judge who tried this cause, and made the ruling aforesaid at the circuit, had occasion to examine this question a few months afterward; and in a careful General Term opinion, upon a review of the cases, in *Goll* v. *Hinton* (8 Abbott, 122), said: "It is now well settled law in this State that on an execution against one of several copartners, for his individual debt, the sheriff may seize the entire leviable property of the copartnership, and sell as much of the interest of his judgment debtor as may be sufficient to satisfy the execution. To do this he may take manual possession of the copartnership property."

In *Phillips* v. *Cook* (24 Wend., 389), this question received from Judge COWEN a very elaborate discussion, and the case distinctly holds that the sheriff may, in such case, seize and take possession of the entire partnership effects, and may sell the interest of the partner against whom the execution is issued; and that an action of trespass will not lie against the sheriff at the suit of the other partners for delivering to the purchaser the property sold. This case has been recognized and approved in *Waddell* v. *Cook* (2 Hill, 48, and note *a*); *Mowbray* v. *Lawrance* (13 Abbott, 318), and in other cases, and has never been seriously questioned, I think, in any well considered case in this State. A rule so long established and acquiesced in, and of such practical consequence, I think, should rarely be changed, except by the legislature.

There is no distinction in principle between an attachment and an execution, in respect to the duty of the sheriff to seize and take into his possession the chattel property of the debtor in the due execution of the process.

The order setting aside the verdict, and directing a new trial, should be affirmed, and judgment absolute be ordered for the defendant.

LOTT, J. If the process under which the property in question was taken had been an execution, instead of an attach-

ment, it would have been a perfect justification to the defendant within the decisions of *Scrugham* v. *Carter* (12 Wendell, 131) and *Phillips* v. *Cook* (24 id., 389), &c. In the last case the question was very elaborately and ably discussed by COWEN, J., and after a careful and critical examination of it both on principle and authority, he came to the conclusion, as well expressed in the head note, that on an execution against one of two partners, the sheriff may seize the entire partnership effects, or so much thereof as may be necessary to satisfy the execution, and sell the interest of the partner against whom the execution is issued, and an action of trespass will not lie against a sheriff at the suit of the other. partner for delivering to the purchaser the property sold; and in the discussion he said the true rule was laid down by HOLT, Ch. J., in *Pope* v. *Haman* (Comb., 217): "Upon a judgment against one partner the sheriff may take the goods of both in execution and the other copartner hath no remedy at law otherwise than by retaking the goods, if he can; for the vendee of the sheriff becomes tenant in common with the other partner;" and he recognized the correctness of the decision in *Scrugham* v. *Carter*, *supra*, where it appeared that the entire partnership property was taken possession of by the officer under an execution against one partner only, and the court held that replevin would not lie by the assignees of the firm claiming under a voluntary assignment to them.

The first of those decisions was made in 1834 and the last in 1840, and must be considered as overruling that made In the matter of Smith, &c. (16 John., 102), decided in 1819, so far as it held a contrary rule. They have been since acquiesced in, as controlling authority in this State, and I see no reason for questioning the principle established by them.

Assuming, then, the rule as above stated to be correct, it appears to me that the principle thereby established must apply to and govern proceedings on attachments. The authority to the sheriff under each process is to take the property of the defendant, against whom it is issued. No more power is given under an execution than under an

HAND — VOL. III.    18

attachment. The latter remedy is intended to give the party in whose favor it is issued a lien on the property of the debtor, to be made available on a sale of it under an execution, upon the recovery of judgment, and, in the language of WELLES, J., in *McKay* v. *Harrower* (27 Barb., 463), " is more in the nature of the former writ of *fieri facias* as to its object and effect than of any other common law writ. It is in effect an 'initiatory execution against the defendant's property before judgment and issued in anticipation thereof;" and he adds : " When the execution comes he does not levy, for that has already been done by authority of the attachment, so that the attachment and execution together contain the same and no more authority or force than a common writ of *fieri facias;*" and this court held in *Rinchey* v. *Stryker* (26 How. Pr. Rep., 75), that a sheriff had a right to show, in an action against him for a levy under such attachment, that the title of a purchaser claiming title from the defendant was fraudulent and void as against the attaching creditor, as fully and with like effect as if the levy had been made under an execution.

It may be added that the sheriff is directed to proceed on such attachments in all respects in the manner required of him by law in case of attachments against absent debtors. (See Code, § 232.) And it is provided by the statute applicable to the latter that " if any goods or effects seized as the property of the debtor, other than vessels, shall be claimed by or on behalf of any other person as his property, the sheriff shall summon and swear a jury to try the validity of such claim in the same manner and with the like effect as in case of seizure under execution," clearly indicating that the right of the sheriff to seize the property is the same under each process. (2 Rev. Stat., p. 4, § 9.) That right was recognized and declared under a similar provision, under the former act, for relief against absent and absconding debtors (1 Rev. Laws., p. 168, § 4), by the decision in *Mersereau* v. *Norton* (15 John. Rep., 179), in which it was held that, under an attachment issued in pursuance thereof, the sheriff might take and sell property of which an absconding debtor was only a tenant in

common with another, when the property was found in the possession of the other co-tenant, and the court in the matter of Smith, *supra*, considered such attachment analogous to an execution.

Although that authority is questioned (if not overruled), so far as it decides that the entire property may be sold, by the case of *Waddell* v. *Cook* (2 Hill, 47), the court recognize the principle declared in *Phillips* v. *Cook*, *supra*, by saying that, while the authority of the sheriff acting under an execution "extends to a total dispossession of both the co-tenants by an execution against one, yet the same law denies him the right to sell the entire property."

The authority of a sheriff under an attachment issued under the Code, against one party only, was fully considered in *Goll* v. *Hinton* (8 Abbott's Pr. Rep., 120); and DAVIES, P. J., in giving the opinion of the court at General Term, after saying that no reason could be suggested why any property subject to seizure and sale on execution could not be taken on an attachment for the same purpose, and presenting several other considerations in the application, said in conclusion : " We think, therefore, that in this State, the analogy holds between attachments and executions, and that whatever property the sheriff may take under the latter process, he may seize and take under the former."

The question is again ably considered by LEONARD, J., in the present case, and, without adding anything further, we deem it sufficient to say that we adopt the views presented by him, and concur in the conclusion that the judge erred at the trial in directing the jury that the sheriff had no right under the attachments to take or hold possession of the property.

It follows that the order of reversal must be affirmed, with costs, and judgment absolute must be rendered against the plaintiffs, under their stipulation to that effect, with costs ; and it having been suggested on the argument that the defendant had died since the filing of the return to the

appeal to this court, judgment should be entered as of a day anterior to his death.

All concur for affirmance except SUTHERLAND, J., who, having been a member of the court below, did not vote.

Judgment affirmed, and judgment absolute ordered against the plaintiffs, to be entered as of a day anterior to the death of the defendant.