By the Court.—Freedmah, J.
Upon the motion below it appeared that the plaintiffs, on December 10, 1880, duly recovered a judgment against Henry H. Stotesbury, a member of the firm of Stotesbury, Mc-Lanahan & Co.; that oh December 23, 1880, an execution was duly issued thereon to the sheriff of the city and county of New York; that on the same day the said sheriff assumed to make a levy thereunder upon all the right, title and interest of the said Henry H. Stotesbury of, in, and to the property and business of the said firm ; that on January 13, 1881, the said sheriff sold at public auction, under and by virtue of said •execution and levy, all the right, title and interest which said Henry H. Stotesbury had, on December 10, 1880, or at any time thereafter, of, in and to the property and business of said firm, to the plaintiffs, who were the highest bidders at said sale ; and that' the plaintiffs received from said sheriff a certificate of said sale. Upon these facts the plaintiffs brought this ac *279 tion, in which they claim to be entitled to an accounting for the judgment debtor’s interest in the firm, and having shown, in addition, that the defendants refused them access to the books and accounts of the firm, they moved for an injunction and the appointment of a receiver of the firm’s property and assets during the pendency of the action, which motion was granted.
It also appeared, however, that no tangible property had been levied upon ; that the only levy made was a mere constructive levy on the judgment debtor’s general interest in the firm; that no inventory was made; that the sale of the judgment debtor’s interest took place at the City Hall; and that the place of business of the firm was at 60 Broad street, in' the city of New York. These matters went directly to plaintiff’s standing in court.
Prior to the Code of Civil Procedure it was well settled that on an execution, issued upon a judgment against one of several general partners for his' individual debt, the sheriff could levy on and sell the judgment- debtor’s interest in partnership property, and that to accomplish that purpose he had the right and power to take the partnership property levied on into his own possession, and upon a sale thereof, provided he sold only the interest of the judgment debtor therein, to deliver them to the purchaser, who, in such a case, took the property subject to an account between the partners and to the claims of the creditors of the firm (Phillips v. Cook, 24 Wend. 392 ; Waddell v. Cook, 2 Hitt, 47; Walsh v. Adams, 3 Den. 125; Berry v. Kelly, 4 Robt. 106; Smith v. Orser, 42 N. Y. 132; Atkins v. Saxton, 77 Id. 1 5).
It was only in the case of a special partner that a different rule prevailed by way of exception (Harris v. Hurray, 28 N. Y. 574).
The rule has not been changed by the Code of Civil Procedure. Provision was only made to mitigate its *280 severity by enabling the other partners having an interest in the firm’s personal property seized on a levy upon the interest therein of the partner individually liable, to apply for its release upon giving security therefor (§§ 1413-1417). The power and duty of the sheriff remain as they were. The entire partnership property is still liable to be taken, if necessary. But what is included in the firm’s personal property thus subject to levy and qualified sale, and what kind of a levy is necessary to enable the sheriff to make a valid and effectual sale of the partner’s interest therein ? These are the important questions in the case at bar.
The doctrine of all the cases is, that partners are joint-tenants of the partnership property, they being seized per mi et per tout / that under an execution against one of several partners for his individual debt, the sheriff may, if necessary, seize and sell the interest of such partner in all choses in the possession of the firm, as"he may that of any joint-tenant or tenant in common; that the sheriff may deliver the corpus of the property, so qualifiedly sol'd, to the purchaser; that the latter thereupon becomes a tenant in common with the other partners in respect of the property so purchased and received by him ; and that in respect of such property, but such property only, the partnership between the partner whose interest was sold, and the other partners, is at an end.
This means that choses in the possession of the firm only can be thus seized as personal property. The firm’s choses in action are not included, because a mere chose in action is not liable to sale under execution at all, unless previously effectually seized by attachment in regular proceedings instituted for that purpose. The difference arose in consequence of the provision of the prior Code for the attachment of things in action and evidences of debt as well as money, goods and chattels (§§ 234, 235, 237, 463), while at the same time the pro *281 visions of law existing at the time of the enactment of the Code were retained, so far as they related to property liable to sale on execution, and so far as they were nob in conflict with that act (§ 291). The Code contained nothing in conflict with the old law on this subject, and under that, choses in action were not subject to levy and sale on execution.
But, although since the time mentioned, choses in action could be attached, it was nevertheless held that under an attachment against a partner, founded upon his. individual debt, the seizure cannot be extended to the firm’s choses in action, though the tangible property of the firm may be taken (Barry v. Fisher, 8 Abb. Pr. N. S. 369, and cases there cited).
If, then, the firm’s choses in action cannot be reached by attachment, they certainly cannot be reached on execution against a partner for his individual debt, unless the Code of Civil Procedure introduced a new rule to-that effect. On examination, I cannot find that this has been done.
The result of all this is, that the personal property of a firm subject to levy upon execution against a partner for his individual debt, consists of only the tangible personal property Of the firm; that an actual, and not a mere constructive, levy must be made thereon ; that at the time of the sale the said property must be in the actual possession of the sheriff and within view of those attending the sale (§ 1428), and that the sheriff must sell only the interest of the partner proceeded against therein, according to the provisions of law applicable to the sale on execution of personal property in general. A sale of the partner’s interest in the firm generally, pursuant to a mere constructive levy, is not sufficient to pass title to the purchaser. To reach such interest generally, the creditor must institute regular proceedings.
*282 The order appealed from should be reversed with costs, and plaintiff’s motion denied, with $10 costs.
Sedgwick, Ch. J., concurred.