By the Court.—Ingraham, J.
—The action was brought to recover the possession of certain personal property that had been taken by the defendant as sheriff of the city and county of New York, under an execution against the property of one John Dougherty.
Plaintiff claimed that he had purchased the property on the 17th day of December, 1878, for the sum of $1,000 ; of this consideration $600 was claimed to have been paid in cash, and $400 by a debt owed by Dougherty to plaintiff. Plaintiff asked the court to direct a verdict on the ground that there was no proof that plaintiff purchased the property with any fraudulent intent, and therefore there were no questions for the jury, which was denied ; and the court *336 was requested to charge that there was no evidence of a fraudulent intent, which was refused.
The parties to the pretended assignment were brothers-in-law. The evidence to show the good faith of the assignment consisted of the testimony of the parties to stich assignment. "Dougherty continued in charge of the business, bought and sold goods, and, as plaintiff says, “ had power to sell, buy, and run the place.” Plaintiff kept no bank account; says he paid Dougherty $200 in gold and $400 in bills, and took no receipt. Plaintiff did not put his name -on the place, and did not inquire whether Dougherty owed any debts or not. The statute makes the questions of fraudulent intent a question of fact, and I think that there was sufficient evidence to go to the jury on the question of fraud, and sufficient to justify the jury in finding that the sale was made by Dougherty with the fraudulent intent to put the property and business out of the way of creditors, and that plaintiff joined with him, to assist him in such purpose, with knowledge of his intent.
The learned court charged the jury that the first point that they should determine, was whether there had been a visible, open and notorious change of possession from Dougherty to the plaintiff, and that if there was not, then plaintiff was bound to satisfy the jury by evidence that the purchase was bona fide, and if he had failed so to satisfy the jury, they should bring in a verdict for the defendant. And subsequently the court charged: “If, on the other hand there was no change of possession, then the whole burden of the case throughout is upon the plaintiff to satisfy you that the purchase was fair, and without any intent on his part to defraud the creditors of Dougherty.” To this plaintiff excepted. Section 5 of title 2 of the statute of frauds provides that every assignment of ; goods. and chattels, unless the same be accompanied by an immediate delivery; and be followed by an actual and' continued change of possession, shall be presumed to be fraudulent and void as against creditors, and shall be conclusive evidence of fraud, unless it be made to appear on the part of the *337 person claiming under such sale or assignment that the same was made in good faith, and without any intent to defraud such creditors or purchaser. This section the judge repeated in substance to the jury, and then left it to them to say whether there had been such a delivery and. change of possession. If there had not been, then the statute, in express terms, throws on the plaintiff the burden of proving that the sale was made in good faith, and without the intent to defraud. It certainly was. not error to charge the exact language of the statute.
It is claimed by appellant that because there was evidence that the assignment was for a valuable consideration, that that removed the presumption of fraud, and throws on the defendant the burden of proof, to show that plaintiff purchased with a fraudulent intent. The only evidence of the payment of the $600 in cash was the testimony of the plaintiff, and he being interested, the jury were not obliged to believe his statement. The court was not requested to charge that if the jury believed that the assignment was for a valuable consideration, that the burden of proof was on defendant to prove that the plaintiff knew of defendant’s fraudulent intent. Nor is there any exception that raises that question (Distin v. Rose, 69 N. Y. 123). If the jury had believed that plaintiff had actually paid the $600 in cash at the time of the assignment, they would have found that the assignment was bona fide under the charge of the court, and the burden of proving that fact was on the plaintiff. He failed to satisfy the jury on that point, and on the evidence as it stands, I do not think that we would be justified in interfering with their verdict.
Starin v. Kelly (88 N. Y. 418), relied on by plaintiff, expressly holds that the burden was on plaintiff to show that he had purchased the property for a valuable consideration, and until that wás done it was only necessary to show fraudulent intent on the part of the vendor. The jury found that there had been no change in the possession, and the statute made such a finding conclusive evidence of fraud.
Plaintiff claims that as part of the property was purchased *338 after the alleged assignment was made, the sheriff had no right to take such property. The jury have found by their verdict that the assignment was fraudulent and void. If so, the business and stock continued,- so far as the rights of creditors are concerned, to belong to Dougherty ; and if any portion of the goods taken by the defendant had been purchased with money other than that received from the business on their goods, it was the duty of plaintiff to have proved that such was the fact. At any rate, a portion of the goods included in the alleged assignment was included in the property taken by the sheriff, and for such portion the plaintiff was entitled to a verdict.
The only remaining error alleged is in respect to the charge of the court, that if by the arrangement between Hayes and Dougherty it was contemplated that Dougherty should receive one-half of the net profit, that plaintiff and Dougherty were partners, and the sheriff had a right to take the property. That a division of profits and loss is sufficient to constitute the parties partners is well settled, and we think that question was properly submitted to the jury.. If the jury had found that they were partners, the sheriff' had a right to levy on the partnership property (Smith v. Orser, 42 N. Y. 132).
W e think therefore that the judgment should be affirmed,, with costs.
Sedgwick, Ch. J., and Truax, J., concurred.