WILLIAM B. STERRETT *et al.*, Respondents, *v.* THE THIRD NATIONAL BANK OF BUFFALO, Appellant.

*Court of Appeals, December 2, 1890.*

Affirming 46 Hun, 22.

1. *Appeal.*—A question, not so stated that the trial court could have understood that it was intended to be raised, and not presented upon the trial, cannot be considered an appeal to the court of appeals.
2. *Same. Nonsuit.*—Where no objection is made to the admission of testimony upon the ground that the action can in no event be maintained because the plaintiffs have mistaken their remedy; no motion made to dismiss upon the opening, or at the close of the plaintiff's evidence; or no suggestion made as to the form of the action, but a long trial is had upon the theory that it is properly brought, and the plaintiffs can succeed provided the question of fact is decided in their favor, a motion to nonsuit, made after all the evidence is in, upon the sole ground that the plaintiffs had not made out a cause of action, does not bring up any question as to the remedy, but is in the nature of a challenge to the sufficiency of the evidence upon the merits.
3. *Same.*—If a party calls upon the trial court to make a ruling in his favor, he must specify, with reasonable clearness, the point he desires considered and decided, in order to predicate error upon an exception to the ruling against him.

Appeal from a judgment of the general term of the supreme court affirming a judgment entered upon a verdict.

*Adelbert Moot*, for appellant.

*C. D. Murray*, for respondents.

VANN, J.—This action was tried at the circuit upon the theory, apparently acquiesced in by both parties, that if the plaintiffs' firm was solvent at the time the attachment was levied, Sterrett had an individual interest in the certificates in controversy that justified the levy, but that if it was then insolvent, he had no personal interest therein, and hence

that the levy was made without authority.   Much evidence was produced by both parties relating to the solvency of the firm, and this was the only question litigated.   At the close of the evidence the counsel for the defendant moved for a nonsuit upon the ground that the plaintiffs had failed to make out a cause of action, and also that a verdict be directed in its favor "upon the ground that the proof as it stands discloses an interest in William B. Sterrett in the certificates in question, and if he had an interest in the certificates on the day on which they were attached, the action cannot be maintained."   The motions were denied separately, and the defendant excepted.   The only question of fact submitted to the jury was whether the firm was solvent or insolvent when the levy was made.   The court charged that "the assets which the partnership owns are in the first place to be paid out and appropriated in the extinguishment of partnership debts.   *   *   *   In the second place, if there is anything left, and one partner with reference to the partnership matters is owing another partner, the rest of the property primarily is to be divided among the partners in proportion as the partnership owes one or the other.   After that the general creditors of each individual partner come in.   *   *   *   The question for the jury to determine is whether on the 8th day of December, 1882, the plaintiffs' firm was insolvent.   If it was, then the plaintiffs are entitled to recover for the purpose of having the proceeds of the firm property applied in extinguishment of the firm's debts. *   *   *   If, on the other hand, you should find that upon the day in question the plaintiffs, that is, the firm, was solvent, able to pay its debts in the way intimated by the court, your verdict will be for the defendant, because the attachment was proper in case there was no insolvency." No exception was taken by the defendant to any part of the body of the charge, and only two requests for instructions were presented by its counsel, each of which impliedly conceded that the question to be determined had been correctly

stated by the court. At no time during the trial, so far as the record before us discloses, was it claimed in behalf of the defendant that the plaintiffs had mistaken their remedy or that they could not maintain an action of trover even if their firm was insolvent. No such question was raised at the general term, for that learned court states in its opinion that it "proceeded to the conclusion on the merits upon the acquiescent theory of the parties upon which the action was tried at the circuit and has been argued here, that if the firm was shown to have been insolvent on December 8, 1882, the plaintiffs were entitled to recover, otherwise not, without expressing what views might otherwise have been entertained in respect to the remedy sought by the action." Upon the argument of the appeal to this court, however, the learned counsel for the defendant insisted that the plaintiffs could not maintain trover even if the firm was insolvent, because the sheriff had the right to seize the copartnership effects under the attachment, to sell the interest of Sterrett therein under the execution and to deliver the property into the possession of the purchaser, against the will of the other parties. This position, if sound, involves consequences of a serious nature, as it enables the creditors of a partner to do that with the firm property which the partner himself could not do. If a copartnership owning, as its entire assets, a drove of cattle or a quantity of diamonds, or any other property easily scattered and hard to identify, should have an insolvent member, whose interest in the firm was overdrawn, it would be a harsh and oppressive remedy to allow the entire effects of the concern to pass into the actual possession of many different purchasers under an execution issued against the property of the insolvent partner only. Such purchasers might be insolvent; the property might be scattered beyond reach or identification; innocent persons might purchase it without notice and the interests of the firm creditors and the other partners be thus placed in so hazardous a position that an

action for an accounting, even with its attendant remedies, would be an inadequate protection. The statute relating to the subject is not available when the firm is insolvent, or when the debtor partner has no interest left. Code Civ. Pro., §§ 693, 695.

There is authority, however, for the position taken by counsel, Phillips *v.* Cook, 24 Wend. 389; Walsh *v.* Adams, 3 Denio, 125; Smith *v.* Orser, 42 N. Y. 132, as well as for the position that where the interest of a partner is sold upon execution against him, the remaining partners are entitled to the possession and control of the firm property and to apply it in payment of its debts, and that the right acquired by the purchaser is simply the interest of such copartner in the surplus when ascertained by an accounting. Menagh *v.* Whitwell, 52 N. Y. 146; Deal *v.* Bogue, 20 Penn. St. 228; Hill *v.* Wiggin, 31 N. H. 292; Rice *v.* Austin, 17 Mass. 197, 206; 1 Story's Eq. Jur., 626; Story on Part., 262, 264.

If the right to levy, inventory and sell is conceded, so that the purchaser, as a tenant in common subject to the partnership debts, may be in a position to bring an action for an accounting, the right to deliver possession in defiance of the firm may be questioned, as that is not essential to such an action.

We shall not, however, enter upon the discussion of this question, because it was not raised at the trial and is not before us. If the learned counsel for the defendant intended to raise it at the circuit, he should, in fairness to the court and to the counsel for the plaintiffs have said something about it, so that his position could have been understood. If he did not intend to raise it there he should not be allowed to take advantage of it here. No motion was made to dismiss upon the opening of the plaintiffs, or at the close of their evidence. No objection was made to the admission of testimony upon the ground that the action could in no event be maintained because the plaintiffs had

mistaken their remedy. No suggestion was made as to the form of the action and a long trial was had upon the theory that it was properly brought and that the plaintiffs could succeed provided the question of fact was decided in their favor. Under these circumstances a motion to nonsuit made after all the evidence was in, upon the sole ground that the plaintiffs had failed to make out a cause of action, did not bring up any question as to the remedy, but was in the nature of a challenge to the sufficiency of the evidence upon the merits. Considering the course pursued upon the trial, the language used in making the motion was too general to call the attention of the court to the point that the plaintiffs should have brought a suit in equity instead of an action at law. Thayer *v.* Marsh, 75 N. Y. 340, 342; Binsse *v.* Wood, 37 Id. 526, 532. If a party calls upon the trial court to make a ruling in his favor he must specify with reasonable clearness the point that he desires considered and decided, in order to predicate error upon an exception to the ruling against him. McKeon *v.* See, 51 N. Y. 300, 304. An exception taken during the progress of a trial is a protest against the ruling of the court upon a question of law. Code Civ. Pro., §§ 992–996; Anderson's Law Dict. 426. It is designed as a warning for the protection of the court so that it may reconsider its action, and for the protection of the opposing counsel so that he may consent to a reversal of the ruling. Unless the question of law upon which a ruling is sought is so stated that it is or should be understood an exception is of no avail, because the exception is to the ruling as made and the ruling is upon the question as stated. We do not think that any question relating to the remedy was so stated that the trial court could have understood that it was intended to be raised, and if it was not raised upon the trial it cannot be considered here. Adams *v.* Irving National Bank, 116 N. Y. 606, 614; 27 N. Y. State Rep. 733; Wellington *v.* Morey, 90 N. Y. 656; Donovan *v.* Vandemark, 88 Id. 668.

The question whether the plaintiffs' firm was solvent or insolvent depended upon a comparison of the amount of its indebtedness, $100,085.35, with the value of its assets consisting practically of 89,000 barrels of oil, represented by certificates held by various banks as collateral security to the notes of the firm. While the amount of the indebtedness was a fixed quantity, with the exception of interest and storage charges, the value of the assets was subject to great fluctuation.

On the 8th of December, 1882, when the attachment was levied, the highest market price of oil was 1.17¼ and the lowest 1.12, while on the 11th, when plaintiffs demanded their certificates, it was 1.12 and 1.08¼, and on the 15th, when the eight certificates were surrendered, 96½ and 93. During the rest of the month it was lower still, except on a single day, when it ranged from 98¼ to 84⅛. It did not reach a price that would have enabled the plaintiffs to sell out and pay their debts in full until May 31, 1883. The certificates were readily convertible into money, but delivery of possession thereof by the day following the sale was essential for that purpose. The plaintiffs' certificates, however, were not available for conversion, because possession thereof could only be obtained by paying the notes which they were pledged to secure. As most of the notes were not due, immediate redemption of the pledged securities was not a matter of right. To raise the large sum needed, even if it were possible under the circumstances, and transmit it to the holders of the notes, who were widely scattered, or to proceed gradually by redeeming one lot after another, required time, and as time passed the charges for storage and interest accumulated while the value of the oil continued to diminish. Under these circumstances the question of solvency was one of fact for the jury, under proper instructions from the court, and the motion to direct a verdict for the defendant was, therefore, properly denied.

We have examined the other questions relied upon by

the defendant, but those requiring attention received such careful consideration by the general term that nothing remains to be said by us, except that the judgment should be affirmed, with costs.

All concur, except BRADLEY and HAIGHT, JJ., not sitting.