(15 App. Div. 161.)

SOULS v. CORNELL et al.

LEIGHTON MACH. CO. v. SAME.

(Supreme Court, Appellate Division, Third Department.   March 3, 1897.)

EXECUTION—PRIOR LIEN—ATTACHMENT.

An execution on a judgment entered against a firm on service of summons on one partner, which execution provides for levy on the firm property after that of the partner served is exhausted (Code Civ. Proc. §§ 1934, 1935), is a lien on the firm property superior to a prior attachment issued against the firm, but afterwards vacated except as to one partner.

Appeal from special term, Albany county.

Actions by William Souls against David C. Cornell, William J. Finch, and Mary C. Gugerty, and by the Leighton Machine Company against the same defendants. Plaintiff Souls moved to have a fund produced by the sale of defendants' property applied on his execution against defendants, which motion was opposed by plaintiff the Leighton Machine Company on the ground that its attachment was superior to said execution. From an order denying the motion, plaintiff Souls appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Francis J. Worcester (Scherer & Downs, of counsel), for appellant.

Spalding & Daring (J. Newton Fiero, of counsel), for respondents.

PUTNAM, J. The plaintiff Souls commenced the first-entitled action against the defendants as co-partners doing business under the firm name of D. C. Cornell & Co. A summons was served on the defendant Cornell only. Afterwards, on February 21, 1896, a judgment was duly entered against all the defendants as joint debtors; and on February 24, 1896, execution was issued to the sheriff of Albany county, requiring him to satisfy the same out of the personal property of David C. Cornell, previously attached in the action, and, if that was insufficient, out of the partnership property of the judgment debtors. Such a judgment and execution were authorized by the provisions of sections 1932, 1934, and 1935 of the Code of Civil Procedure.

The plaintiff in the second-entitled action also commenced it against the defendants as co-partners. An attachment was issued against all the defendants on the 17th day of February, 1896, and thereafter a levy was made on their joint property. On the 11th day of June, 1896, this attachment was vacated and set aside as to the defendants William J. Finch and Mary C. Gugerty. Judgment was entered in said action on May 8, 1896, and an execution issued thereunder to the sheriff of Albany county. That officer has in his hands, as the proceeds of the sale of the firm property of the defendants, the sum of $793.23. The plaintiff Souls moved in the court below to have such sum applied on his execution, and that the sheriff be directed to return the same. This appeal is taken from the order of the court below denying said motion.

The plaintiff Souls, having duly obtained judgment, and issued execution thereon, which, under the provisions of the Code of Civil Procedure above referred to, could be enforced against the joint property of the defendants, was entitled to the order he sought for in the court below, unless the respondent obtained, under its attachment on the firm property of the defendants on the 17th day of February, 1896, a superior right to the money in the hands of the sheriff. The attachment obtained by the Leighton Machine Company, having been absolutely vacated and set aside as to the defendants William J. Finch and Mary C. Gugerty, is to be regarded as if it had originally

issued against the defendant David C. Cornell, one of the partners, alone. The vacation of the attachment against two of the three partners was an adjudication that it was not properly issued as against the firm property. The action having been brought against the three co-partners, if the attachment was properly issued as against the co-partnership property it could not have been vacated as to Finch and Gugerty. The attachment under which the Leighton Machine Company claims the money in question now stands as only obtained against one of the members of the defendant's firm. It does not entitle the respondent to have the firm property of the defendants applied on its execution issued to the sheriff subsequent to the levy under the execution issued on the Souls judgment. Bogart v. Dart, 25 Hun, 395; Bank v. Wallace, 4 App. Div. 382, 38 N. Y. Supp. 851. Under the attachment issued to the sheriff in the action in which the respondent was plaintiff, and which now remains as an attachment against one of the members of the firm of D. C. Cornell & Co., the officer was authorized to levy upon and take possession of the firm property; but he could only sell on an execution issued in such action, so far as any right was derived from the attachment, the individual property of said Cornell, and his interest in the firm property. Smith v. Orser, 42 N. Y. 132; Atkins v. Saxton, 6 Wkly. Dig. 210; 1 Rum. Prac. 528. We conclude that the plaintiff Souls, under his execution, has a prior claim to the money in the hands of the sheriff, and hence that the court below erred in denying his motion.

The order should be reversed, with costs and disbursements, and the motion granted, with costs. All concur.