## UNITED STATES *vs.* CHONG YOCK WING.

### December 1, 1904.

*Partnership.—Execution Against Partner.—Sale:*
Execution of a judgment against a partner is properly levied on the partnership property, and a sale under such execution must be the sale of the undivided interest of the judgment debtor in the partnership property, to be realized only upon an accounting and settlement of the partnership, and does not transfer any specific or component part of the partnership property to the purchaser.

*United States Marshal.—Execution:*
Responsibility and duties of United States Marshal in levying execution of judgment against a partner, stated.

Motion to Set Aside and Vacate a Pretended Levy of Execution and for the Recall of the Execution.

J. J. Dunne, Ass't U. S. District Attorney, for the Government.

A. S. Humphreys and C. A. Galbraith, Counsel for Movants.

DOLE, J.    A judgment had been entered against Chong Yock Wing in this court and execution was issued thereon. Chong Yock Wing was a member of the firm of Wing Sang Company, doing business in Honolulu, the other partners were Yee Bun, Chun Hoon and Chong Jack Wing.    The marshal levied upon the property of the firm, taking possession of the goods in the two stores of the firm and allowing the firm to carry on, in the presence of his guard, a cash business, all cash received in such business being taken possession of by the guard. The marshal advertised the sale of Chong Yock Wing's interest in the firm, which sale has been put off twice, first because of a new order of sale made for reasons satisfactory to the court, and the second time because there were no bids for the interest of Chong Yock Wing beyond two bids of five and seven dollars respectively.    After the second postponement of the sale, the said firm of Wing Sang Company moved the court to "set

"aside and vacate the pretended levy of the execution of the "interest of the defendant Chong Yock Wing in the business of "the partnership of Wing Sang Company," the first ground of the motion being "that there is no authority of law for seizing "the property of a firm on an execution against an individual "member of the partnership."

I have examined the authorities furnished by the parties on this point sufficiently to reach the conclusion that in case of a judgment against a partner, execution is properly levied on the partnership property and a sale made in relation thereto must be the sale of the undivided interest of the judgment debtor, the purchaser taking only the interest which such judgment debtor, a member of the partnership, had in the partnership property, such sale not transferring any specific or component part of the partnership property to the purchaser but an undivided interest which can be realized only upon an accounting and settlement of the partnership affairs. I find in the case of *Clagett v. Kilbourne,* 66 U. S. 346, 349 (1861), the following statement of the law on this point:

"Execution may be levied on the joint property with the view of reaching the undivided interest of the judgment debtors, but in such case the levy is not upon his individual share, as if there were no debts of the partnership, or lien on the same, for the balance due to the other partners. It is upon the interest only of the judgment debtor, if any, in the property, after the payment of all the partnership debts, and other charges thereon. The purchaser takes the same interest in the property which the judgment debtor would have upon a final adjustment of all the accounts of the partnership. It is not only an undivided, but an unascertained interest, and the purchaser is substituted to the rights and interests of the judgment debtor in the property sold. Neither does the sale transfer any part of the joint property to the purchaser, so as to entitle him to take it from the other partners; for that would be to place him in a better situation than the partner (judgment debtor) himself."

This confirms the position taken in the case of *United States*

*v. Williams,* 28 Fed. Cas. 673; Cas. No. 16,719 (1847). This position is definitely supported in the case of *Smith v. Orser,* 42 N. Y. 132, 136 (1870), and cases cited. This practice appears to be recognized by the great majority of authorities of the different States, the only authorities to the contrary, so far as I am informed, being those of Massachusetts, New Hamshire and Pennsylvania. In Massachusetts a seizure of the property of a partnership under an execution against one of the partners is regarded as a trespass. In Pennsylvania the law is not so definitely settled in this direction. In the case of *Richard v. Allen,* 117 Pa. St. 199, 205, the court says:

"We may admit for the purposes of this case, however doubtful the proposition, that the constable may levy an execution which he holds against an individual member of a firm, on his interest in the goods and assets of the partnership."

In the case of *Gibson v. Stevens,* 7 N. H. 352, 357, the question before the court was whether specific property of the partnership could be taken and sold to satisfy the private debt of one of the partners, and the court decides that this cannot be done and that the "creditor can have no greater right than the "debtor himself has individually, which is a right to a share of "the surplus." In none of the cases that I have examined, supporting the practice of levying an execution in favor of a creditor of one partner on the partnership property, is there any support to the proposition that any specific property of the partnership can be lawfully taken and sold to satisfy the private debt of one of the partners. In the case of *Garvin v. Paul,* 47 N. H. 158, cited by counsel for the movers, the court held as the established rule of that State, that a sheriff, "upon a de-"mand against one partner for his private debt, cannot seize "the goods of the partnership and exclude the other partners "from the possession." The case cited by counsel for the movers, from the United States Reports, i. e., *Bank v. Carrollton Railroad,* 78 U. S. 628, is not inconsistent with the United States authorities cited above; the expression on this point is as follows:

"In *Taylor v. Fields* (4 Vesey, Jr. 396), it was said that 'a 'party coming into the right of a partner' (in any mode, either by purchase from such partner, or as a personal representative, or under an execution, or commission of bankruptcy) 'comes 'into nothing more than an interest in the partnership, which 'cannot be tangible, cannot be made available, or be delivered 'but under an account between the partnership and the partner, 'and it is an item in the account that enough must be left for 'the partnership debts,'" which is in full accord with the case of *Clagett v. Kilbourne, supra,* and other United States cases referred to. The position taken by the United States cases referred to is recognized in *Freeman on Executions (Edition 1884)* Section 125, which is as follows:

"The real ownership of all the chattels is vested in the firm; the interest of each partner is merely a right to share in the proceeds of those chattels after all the partnership obligations have been satisfied. Upon what principle can the purchaser at an execution sale be sustained in the exercise of rights to which the defendant was never entitled? Clearly upon no principle whatever. The precedents made at an early day, when the law of partnership was imperfectly understood, are losing their force as authorities. Their place is being supplied by a line of decisions, destined to grow in favor and number, declaring that the creditor of an individual partner cannot sell any specific article, but only the partner's interest in the whole of the partnership assets, and that the purchaser does not acquire the right to hold possession of the property purchased, as against the other members of the firm, but only an interest in the proceeds, after the business of the firm shall have been settled."

Also: "Though the right of the officer to seize the property of a partnership under an execution against one of its members is conceded, it must be exercised 'as far as possible in harmony 'with the rights of the other partners, and not in hostility to 'them. His power to take and deliver possession of the corpus 'of the property is merely incidental to the right to reach the

'interest of the debtor, and is to be exercised only as a means to 'that end.' " (*3rd Ed.*) Sec. 125, pages 531-2.

The second ground of the motion is as follows: "That the "pretended levy of said execution on the interest of said Chong "Yock Wing in the partnership of Wing Sang Company was "illegal, irregular and void."

The responsibility of a United States Marshal toward the judgment debtor, in levying an execution, is very heavy. He is liable for all losses which occur during his possession except those occurring from irresistible causes, and although it is not necessary that he should remove the property levied on, and it is particularly undesirable that he should do so in case of the levy on partnership property for the debt of the partner, yet he must exercise sufficient authority and care to protect such property and hold the same to answer the exigencies of the writ. In this case, the marshal, upon taking possession of the goods, allowed the stores of the partnership to remain open and business to be done by the partnership in relation to such goods, on a cash basis, all cash receipts being received and held by the marshal's representatives in charge. It is complained that the firm was not allowed to do its usual credit business with these goods. To allow such dealing with the goods would make the marshal responsible for the collections of all such credit sales. The mere suggestion of such a proposition shows its impracticability and impropriety. It appears to me that the marshal has allowed the firm all the privileges which could be offered them consistently with his duties and responsibilities. The levy of an execution is usually inconvenient to the owners of the goods levied upon.

Counsel for the movers in this case also argued that the levy of the marshal was illegal in that, as I remember the point made, the goods were not seized and taken possession of. The action of the marshal, as shown by the affidavits, was a legal levy, and is sustained by the authorities, particularly the above citation from *1 Freeman on Executions*, (*3rd Ed.*) pages 531-2. He took possession of the goods and retained possession and

allowed such privileges to the partnership in order to reduce their inconvenience and injury as much as the circumstances permitted.

The third ground of the motion is "That the conduct of the "United States Marshal in the manner of making said pre- "tended levy and the continued postponements of the sale is "a wanton and unlawful interference with the business of said "firm of Wing Sang Company." The postponement was made as set forth above, one on account of a new levy and the other for want of bona fide bids. I do not find anything in the evidence which shows a disposition to unnecessarily prejudice the movers in this case.

The fourth ground of the motion is "That the said execution "is being used to annoy and harass said firm of Wing Sang "Company, and to destroy and ruin the business and credit of "said firm." This ground is disposed of in the consideration of the last ground, and counsel stated in open court that they did not believe the marshal was intentionally using his authority to injure the firm.

The motion is overruled on all grounds.