JAMES M. CARPLES, Respondent, *v.* CUMBERLAND COAL AND IRON COMPANY, Appellant.

First Department, January 16, 1925.

**Attachment — property sought to be attached was in safe deposit box — certified copy of warrant was delivered to safe deposit company — neither certificate nor inventory of property in box was delivered to sheriff — order directing sheriff to open box was properly granted.**

An order directing a sheriff to open a safe deposit box containing property of a foreign corporation against which a warrant of attachment was issued was properly made by the court, in order that the sheriff might effectually execute a warrant of attachment, no inventory or certificate as to the property contained in the box having been furnished to the sheriff by the defendant or by the safe deposit company.

APPEAL by the defendant, Cumberland Coal and Iron Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of November, 1924, directing the sheriff of New York county, for the purpose of making a levy, to open a safe deposit box rented to the defendant company.

*Guggenheimer, Untermyer & Marshall* [*Edward A. Kenney* of counsel; *Leonard Acker* with him on the brief], for the appellant.

*Stanley S. Groggins,* for the respondent.

MARTIN, J.:

This is an action to recover $4,000 on a promissory note made by the defendant, a foreign corporation, organized under the laws of the State of Delaware. It has never secured permission or authority to do business in this State, although it maintains its main office at No. 149 Broadway, in the city and State of New York.

The action was commenced on the 8th day of April, 1924, by the service of a summons and complaint. A warrant of attachment issued and copies thereof were delivered by the sheriff to the secretary of defendant, George Rea, at No. 80 Maiden Lane, city and State of New York, and to its president, Arthur M. Wickwire, at No. 149 Broadway, city and State of New York. At the same time a certified copy of the warrant of attachment was delivered to the Safe Deposit Company of New York, at No. 149 Broadway, city of New York, wherein the defendant had rented safe No. 11,133 which contains property belonging to it. Neither certificate nor inventory as to the property contained in the safe deposit box was furnished to the sheriff of New York county either by the defendant or by the Safe Deposit Company of New York.

This application was brought on by an order requiring the Safe Deposit Company of New York to show cause why it should not deliver to the sheriff possession of the contents of the safe deposit box or a certificate as to the same or why the sheriff should not break the box open to obtain possession of its contents.

This subject has been thoroughly considered in the case of *United States* v. *Graff* (4 Hun, 634; 67 Barb. 304), decided in 1875. The court there said: " There was nothing improper in that portion of the order made which directed the sheriff to open the safe and tin box containing the defendant's property. The process could be effectually served in no other way. It was the duty of the officer acting under it immediately to attach the real and personal estate

of the debtor. And that could only be done by taking it into his custody, where the property was tangible in its character. (Wait's Code, 407, § 232, and note.* *Haggerty* v. *Wilbur*, 16 Johns. 287. *Goll* v. *Hinton*, 8 Abb. 120. *Smith* v. *Orser*, 42 N. Y. 132.)

" Neither the safe nor the tin box constituted any portion of the defendant's dwelling, and they were not within the protection which the law affords to that against an officer acting under civil process. They were simply places of deposit and safe keeping for the defendant's property, which the sheriff may enter to make the seizure required by law, in the execution of the process in his hands. If that were not so, there would be nothing to prevent a failing or insolvent debtor from turning all his property into valuable securities or other articles requiring but little space for their custody, and then placing them in the hands of a safe deposit company for preservation, and defying all the efforts of his creditors to satisfy their debts by resorting to them. That would form an expedient for the success of fraudulent devices, which might render the laws of the State for the collection of debts entirely powerless. No such effect could be given to a deposit of that nature without at once defeating the object plainly designed to be secured by the law in rendering the debtor's property liable to the process issued in favor of his creditors in actions brought to recover their just debts. Against that, his dwelling alone is secured against the intrusive action of the officer. And, that in no sense, can be so far extended as to include either the safe or tin box in the custody of the Mercantile Trust Company, for the defendant. A case has been presented on the points relied upon by the company's counsel, supposed to be in conflict with this conclusion. It arose under the laws of Pennsylvania. And it was there held that the company could not be required to furnish a certificate of the contents of the safe, because they were virtually in the possession of the lessee. It is not necessary to consider the point whether this decision was properly made; for if it was, then it is very clear that the only way in which the debtor's property, held in that manner, can be rendered liable to the owner's creditors, is by seizure under the attachment issued to the sheriff. If a certificate cannot be obtained showing the property so, held for the debtor, and it cannot be seized under attachment or execution, then certainly the creditors are deprived of all ordinary means for applying it to the satisfaction of their debts. And an effectual mode would be at last discovered for enabling a debtor to withhold his property from his creditors. The law has not yet, and probably will not very soon, lend its

---

* See Code Proc. § 232.— [REP.

aid to the success of such an expedient for the protection of a debtor's property against the clearly defined rights of his creditors.

" The appeal of the Mercantile Trust Company certainly cannot be sustained."

In *Washington Loan & Trust Co.* v. *Susquehanna Coal Co.* (26 App. Cas. D. C. 149) the court (at pp. 154, 156) said: " Property of a defendant in a safe-deposit box of a trust company is either in the possession of the defendant, or in the possession of the trust company. If it is in the possession of the defendant, under the Code, it appears liable to attachment and execution. If if is in the possession of the trust company, such company may be garnisheed therefor, as in possession of personal property of the defendant capable of being seized and sold on execution. A mere device to guard from intrusion the defendant's property in the vault of the trust company neither devests the defendant of his property nor releases the company from its charge of defendant's property. There is no magic in two keys, a master key and a customer's key, to put property belonging to a defendant in an attachment beyond the reach of creditors and the process of the courts.   *   *   *

" We find no good reason for exempting property of a defendant in a safe-deposit vault from execution or attachment. The Code recites the classes of property which are exempt from execution and attachment. In this case before us the learned justice in the court below decided that the trust company alleged to have charge of the property of the defendant, Kennedy, in a box in the safe-deposit vault was not exempt from liability to answer as garnishee the interrogatories whether or not it had in its possession, or under its control, a safe-deposit box of the defendant."

In *West Cache Sugar Co.* v. *Hendrickson* (56 Utah, 327; 11 A. L. R. 216) it was held that the court having jurisdiction of the parties and the subject-matter may require a garnishee to open a safe deposit box which the debtor rents of it, where the statute provides that when jurisdiction is conferred on a court all the means necessary to carry it into effect are given.

In *Tillinghast* v. *Johnson* (34 R. I. 136) it was held that the contents of a safety deposit box are subject to garnishment on the theory that they are in the hands of the company maintaining the box and renting out its use; that they are not rendered exempt from garnishment by the fact that the box cannot be opened without injury excepting by the use of a key held by the customer, if, under the statutes, the court has power to direct the forcible opening of the box to secure an examination of its contents; and that it has such power when the statutes authorize examination of the garnishee in such action, in accordance with proper legal pro-

ceedings, as will enable the court to determine the liability of the garnishee.

In *Trowbridge* v. *Spinning* (23 Wash. 48) it was held that a safe deposit company having valuables of a debtor in its vaults was subject to garnishment therefor, although it had no ready access to the contents of the box in which the valuables were kept.

In *Gregg* v. *Hilson* (8 Phila. 91) it appeared that the safe deposit company rented out a vault under a contract expressly providing that only in case of refusal to surrender the keys and give up possession, at the expiration of the term, the company would be authorized to break open the safe. The court had before it the construction of a local statute. It was held that the contents were not a debt to defendant or a deposit of money within the meaning of the statute, the court saying that the contents of the safe in question were in the actual possession of the person to whom it had been rented and they had not been deposited with the garnishee.

A debtor should not be permitted to render ineffectual the process of the court by placing his property in a safe deposit vault and thus thwart the efforts of his creditors.

We are not inclined to hold that the process of the court may be rendered ineffectual by such a facile device.

The order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, MERRELL and BURR, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.