[File No. 6692.]

L. E. O'CONNOR, as Receiver of the First National Bank of Grand Forks, North Dakota, Respondent, v. ALLAN McMANUS and First National Bank in Grand Forks, a Corporation, Garnishee, Appellants.

(299 NW 22)

Opinion filed June 23, 1941.

*Carroll E. Day,* for defendant and appellant.
*Murphy, Toner & Kilgore,* for appellant and garnishee.
*C. F. Peterson,* for respondent.

BURKE, J.   Plaintiff obtained a money judgment against the defendant in the district court of Grand Forks county.   After an execution on the judgment had been issued, plaintiff commenced garnishment proceedings in aid of execution, by causing a garnishment summons to be served on the First National Bank, garnishee.   The garnishee disclosed that it was not indebted to the judgment debtor and that it had no property belonging to the judgment debtor in its possession or under its control except as follows:

"That at the time of the service of garnishment in the above entitled action the defendant had under lease from the garnishee Safety Deposit Box No. 311, and still retains the same.   The garnishee has no information whatsoever with respect to the contents of said box, and the same cannot be ascertained or determined without access to the box. That said box is opened with two keys, one held by the garnishee and the other by the defendant, and both said keys must be used in opening the said box. . . ."

Defendant also answered in the garnishment proceeding denying that the garnishee was indebted to him or had any property belonging to him in its possession or under its control and setting forth at length his written agreement with the garnishee for the lease of said safety deposit box.   In his answer the defendant did not disclose what the box contained, if anything.   Thereafter the judgment debtor moved the

court for an order permitting and directing the garnishee to open the safety deposit box. The motion was made upon all the files and records in both the principal action and the garnishment proceeding. After a hearing upon the motion the court made its order which, omitting a preliminary statement is as follows:·

"Now, therefore, upon said motion of said plaintiff, upon all the records and files of the court in the principal action and also in said garnishment action, upon the execution outstanding in the hands of the Sheriff of Grand Forks County, and upon the testimony and evidence adduced upon hearing on said action.

"It is ordered, That said Garnishee in said Garnishment Action, First National Bank in Grand Forks, a Corporation, be, and it is hereby, permitted, authorized, and directed to open said safety deposit box leased by said defendant, Allan McManus, from said Garnishee, being safety deposit box Number 311, by drilling or forcing in the usual manner necessary for opening deposit boxes of like nature, and inspect the contents thereof in the presence of the Sheriff of Grand Forks County, the attorney for the defendant and the attorney for the plaintiff, and to disclose the contents thereof for levy by the Sheriff of Grand Forks County, North Dakota.

"It is further Ordered that a copy of this Order be served upon the said defendant, Allan McManus, or his attorney, and that said defendant, within three days after such service, be permitted to voluntarily consent to the opening of said box and to the use of his key to said deposit box for that purpose, and that if said consent be not given within said time that said garnishee proceed, as hereinbefore Ordered, to open said safety deposit box.

"It is further Ordered that said Garnishee, within three days after opening said deposit box and ascertaining the contents thereof, make, serve and file in said Garnishment action, an amended answer or disclosure therein, and that said deposit box be opened by said garnishee within three days after the expiration of the time within which said defendant, Allan McManus, may consent voluntarily to the opening of said deposit box.

"It is further Ordered that the costs and expenses of opening said

deposit box be paid by the said plaintiff in said action and be included and charged as part of his costs in said action.

"Dated this 1st day of June, 1940.

"By the Court,

"P. G. Swenson,

"Judge of the District Court."

Defendant has appealed from this order. In his brief he states that the issues upon this appeal are:

"1. Is the safety deposit box owned by the Garnishee and rented to the Defendant subject to garnishment?

"2. Did the Court have authority to make and enter its order permitting, authorizing and directing the garnishee to open the safety deposit box by the use of force if necessary.

"3. Does the failure of the plaintiff to take issue with the garnishee disclosure conclusively establish that there is no property in the possession of and under the control of the garnishee?"

We think the issues thus stated by the defendant are too narrow. Both the motion to open the box and the order directing it to be opened were based upon the execution issued in the principal case as well as upon the garnishment proceeding. The question therefore is whether the order was a proper one either in the garnishment proceeding or in a proceeding directly under the execution. It will be noted that this order does not contemplate that the contents of the safety deposit box were to be left in the hands of the garnishee. The box was to be opened "to disclose the contents thereof for levy by the sheriff." The order therefore is properly to be considered as being primarily in direct aid of the execution. Its object was to pave the way for an actual seizure of property and not to determine the extent to which the garnishee might be held liable. Sargent County v. State, 47 ND 561, 182 NW 270.

There can be no question but that the personal property of the judgment debtor, if any, contained in the box, whether it be considered to be in the possession of the judgment debtor as lessee of the box or in the possession of the bank as bailee, is subject to levy. Under the provisions of § 7720, Compiled Laws of North Dakota 1913, all property of a judgment debtor, not exempt by law, is subject to execution. And

where property capable of manual delivery is levied upon, it must be taken into the sheriff's actual custody. Compiled Laws of North Dakota 1913, § 7547. The only question is to what extent force may be used, under an order of the court, to reach property of a judgment debtor for the purpose of levy under an execution and whether the order made by the court in this case was within proper limits.

Generally speaking a sheriff may force an entry into any inclosure except the dwelling house of the judgment debtor in order to levy an execution. 23 CJ 432; 21 Am Jur 71, Executions. This general rule has been applied, and we think properly, to safety deposit boxes. Washington Loan & T. Co. v. Susquehanna Coal Co. 26 App DC 149; United States v. Graff, 67 Barb (NY) 304; Trainer v. Saunders, 270 Pa 451, 113 A 681, 19 ALR 861; Carples v. Cumberland Coal & I. Co. 212 App Div 150, 207 NYS 624, 240 NY 187, 148 NE 185, 39 ALR 1211. It is inconceivable that the law would permit a judgment debtor to convert his assets into bonds and stocks or even currency, sequester them in a safety deposit box, and laugh at the sheriff when he came armed with the process of the court to enforce its judgment.

In this case the order is not directed to the sheriff. It requires the bank as garnishee to open the box in the presence of defendant's attorney and the sheriff in order to permit the sheriff to make a levy. This circumstance does not affect the validity of the court's order. The order places no greater compulsion or responsibility upon the bank than if it had been directed to the sheriff. In any event, the bank would be required to allow the sheriff access to the vault in which the box was located and permit a machinist or locksmith to open it. Under this order the sheriff will immediately take possession of the contents of the box, and the bank's responsibility therefore, be it that of bailee of the property or of lessor of the premises, will be terminated.

The order of the court being a proper one in direct aid of the proceedings under the execution, it is unnecessary for us to consider whether such an order would have been proper in a proceeding exclusively in garnishment.

The order of the district court is affirmed.

BURR, Ch. J., and NUESSLE, MORRIS, and CHRISTIANSON, JJ., concur.