## THE ROBERT R. KIRKLAND.

### (District Court, D. New Jersey. March 1, 1899.)

ADMIRALTY—JURISDICTION.

A court of admiralty has no jurisdiction to try the title to a vessel, where the petitioner's claim is based on an equitable interest merely, and not on the legal title, especially where the parties holding such title are not parties to the suit.

Benedict & Benedict, for libelant.
Foley, Wray & Taylor, for respondents.

KIRKPATRICK, District Judge. The libel in this action sets out that in the year 1892 the steamtug Robert R. Kirkland was owned by the National Dredging Company of Wilmington, Del., and that on October 12th of that year the said dredging company entered into an agreement to sell the said tug and other property to certain parties, whose names are not given; that the libelant and one Schermerhorn were the agents of said parties, with the power to make payments, and receive the said property, and receive bills of sale therefor; that afterwards the said tug was delivered to libelant and said Schermerhorn, and has since remained in their possession; that afterwards Petze, the claimant herein, and others, the respondents, were made the agents of the unnamed parties who had contracted with the dredging company for the purchase of the tug; and that on July 13, 1896, in fraud of the duties as such agents, they accepted, and there was delivered to them by the dredging company above mentioned, an absolute bill of sale of said tug, which was on July 10, 1898, recorded in the custom house at New York. The libelant further alleges that in February, 1898, he purchased the said tug from the parties who originally agreed to buy her from the dredging company, for the sum of $1,600, agreed to be paid by him, and took possession of the tug, and caused repairs to be made upon her. The libel also sets out that, after the execution and delivery of the bill of sale to the respondents, as aforesaid, the respondents requested the delivery of the tug to them by the libelant, and that libelant agreed to give a transfer and release upon the payments of bills of repair, but the offer was refused. The libelant alleges that he is the true owner of the tug, and offers to pay the purchase price for same on receipt of bill of sale from respondents, and asks the court to decree that he is such true owner, and has title superior to respondents, and that

respondents may be decreed to execute to him a bill of sale of said boat. Henry H. Petze, intervening for himself as part owner of the tug, excepts to the libel, upon the ground that, from the facts set out therein, it clearly appears that the court is without jurisdiction in the case.

A careful consideration of the matters set out in the libel shows that neither the libelant nor those under whom he claims ever had any legal title to the tug. The libelant says that he has agreed to purchase the tug from certain persons who had a contract to buy her from the dredging company, at one time the undisputed owner. He admits that he himself has not paid the price agreed, but tenders himself ready to do so, and fails to show that the contract made by his principals with the dredging company was ever consummated by the payment of the purchase money.

The libel asserts that the respondents are the holders of the legal title to the tug by bill of sale executed by the dredging company prior to the date of the agreement under which they claim, for which they may have paid, so far as the libel shows anything to the contrary, a valuable consideration. What the libelant calls his "title" seems to be no more than the right to compel the persons with whom he says he made a contract to purchase the tug to specifically perform their agreement. These contractors are not parties to this suit, nor are the respondents parties to the contract; so that, if the court had equitable jurisdiction, it is difficult to see how the decree prayed for could be made. At most, it is "an attempt to enforce an equitable interest as against a legal title. This a court of admiralty does not undertake." The Amelia, Fed. Cas. No. 275. This case was an affirmance of a decree of the district court (Id. 6,487), in which Blatchford, district judge, had said: "A petitory suit to try the title to a vessel must be confined to, and based in, a legal title,"—citing Kellum v. Emerson, Id. 7,669. The exceptions will be sustained, and the libel dismissed for want of jurisdiction.