**ATAMANCHUCK v. ATAMANCHUCK et al.**

**THE SUPPLY NO. 3.**

Civil Action No. 5575.

District Court, D. New Jersey.

July 16, 1945.

Samuel F. Slaff, of Passaic, N. J. (Joseph H. Lerner, of Newark, N. J., of counsel), for libellant.

Ernest F. Masini, of Newark, N. J. (Maurice M. Kreis, of New York City, of counsel), for claimant.

MEANEY, District Judge.

This matter is now before the Court on motion of respondent and claimant on exceptions to the libel of Michael Atamanchuck. The exceptions are based on the ground that the facts averred in the libel fail to establish a cause of action within the Admiralty and Maritime jurisdiction of this Court, and further that the facts alleged in the libel do not give rise to any maritime liens on the oil tanker "Supply No. 3."

Libellant Michael Atamanchuck asserts that he purchased the oil tanker "Supply No. 3" on July 27, 1937, taking a bill of sale in his name and recording the same in the office of the Collector of Customs. That on or about June 27, 1938, respondent Frank Atamanchuck caused a bill of sale of the said vessel to be executed and recorded on February 5, 1944, in the Collector's Office, that the bill of sale purported to be a transfer of ownership of the said oil tanker "Supply No. 3" and that the said bill of sale is a forgery and was not the act of libellant nor did the libellant ever transfer or authorize the transfer or sale at any time to any one. It is further alleged that libellant did not discover the fraud until February of 1945.

Libellant now seeks a decree giving him possession of the vessel and adjudging the bill of sale dated June 27, 1938, a palpable forgery and fraud.

The respondent denies the jurisdiction of this court and insists that libellant's remedy lies in a court of equity.

 The exceptions are not well taken. Were the exceptions properly conceived,

460

respondent's assertions would be sound, but where, as here, the libellant is seeking to enforce his legal right in this court in a petitory or possessory suit against those who have by wrong dispossessed him, he does not attempt to have adjudicated an equitable title, but seeks to enforce his legal title and obtain possession of the vessel.

■ Possessory suits may be brought in Admiralty in all cases to reinstate the owners of ships who have been wrongfully deprived of their property. 1 Benedict on Admiralty, 6th Ed. § 73.

■ An Admiralty Court will not undertake to enforce an equitable interest as against legal title. When it proceeds in a petitory suit, it proceeds upon legal title. The Amelia, C.C., 23 F. 406; The Robert R. Kirkland, D.C., 92 F. 407.

Accordingly, where libellant seeks an adjudication upon his asserted legal title, the jurisdiction of this Court in Admiralty is properly invoked, and the exceptions must be denied.