James W. GALLAGHER and Claude M. Gallagher d/b/a Better Foods, Plaintiffs-Appellees,

v.

The UNENROLLED MOTOR VESSEL RIVER QUEEN (HULL NO. A–681 84) et al., Defendants.

Glens Falls Insurance Company, Appellant.

No. 72–2193.

United States Court of Appeals, Fifth Circuit.

March 9, 1973.

**118**

William A. Harrison, Houston, Tex., for appellant.

John P. Forney, Houston, Tex., for Gallagher and others.

James H. Garst, Houston, Tex., for Courtesy Ford.

B. Buck Pettitt, Houston, Tex., for Smith and River Queen.

Before COLEMAN, MORGAN and RONEY, Circuit Judges.

PER CURIAM:

Plaintiffs sued to recover possession of their 38-foot pleasure motor boat, RIVER QUEEN, which one defendant, a marina operator, had sold to the other defendants. Judgment was entered for plaintiff against the purchasers on the finding that the marina operator had no right to sell the plaintiff's vessel, and against the marina operator in favor of the purchasers who had paid for the boat which they could not keep.

The purchasers appeal on the ground that they acquired all rights to RIVER QUEEN under Section 2.403(b) of the Uniform Commercial Code (adopted in Texas as Texas Business and Commerce Code, Title 1, § 2.403(b)) which provides:

"(b) Any entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entruster to a buyer in ordinary course of business."

We find no error in the District Court's conclusion that

". . . Plaintiffs did not entrust the vessel River Queen to Defendant Smith as a merchant within the meaning of Section 2.403 of the Uniform Commercial Code. Plaintiffs rented a stall at Defendant Smith's marina to keep this vessel. This defendant operated several businesses at this one location. His business of renting stalls for vessels was separate and apart from his business as a boat repair. [By inference, the Court concluded that the renting of stalls was also separate and apart from his business as a boat merchant.] The River Queen was kept at this marina pursuant to a verbal rental contract."

We affirm the judgment on the findings of fact and conclusions of law entered by District Judge Carl O. Bue, Jr.

 The Court also properly denied the defendant's motion to set aside the judgment for lack of admiralty jurisdiction. As Judge Bue ruled,

"[i]t is a fundamental principle that admiralty has jurisdiction in a possessory suit by the legal owner of a vessel who has been wrongfully deprived of possession. Ward v. Peck, 59 U.S. (18 How.) 267 [15 L.Ed. 383] (1856); Rea v. The Steamer ECLIPSE, 135 U.S. 599 [10 S.Ct. 873, 34 L.Ed. 269] (1890); 1 Benedict on Admiralty § 73, at 154–56 (6th ed. 1940). This is the situation here. The legal principles contained in the cases cited by defendant in support of its motion are readily distinguishable from the circumstances of this case. In this lawsuit plaintiffs alleged and the Court so found, that legal title to the vessel was in the plaintiffs at all times without limitation. The determining factor which rules out the applicability of defendant's authorities to the present factual situation is that in a true possessory libel action, as here, the force which comes into play to divest the legal owner of possession of the vessel comes from an extrinsic source. Here this force which wrongfully deprived or divested plaintiffs of possession was the act of a thief—the defendant, Robert E. Smith. See Atamanchuck v. Atamanchuck, 61 F.Supp. 459 (D.N.J.1945); The Tietjen & Lang No. 2, 53 F.Supp. 459 (D.N.J. 1944). *Compare* Ryan v. Spaniol, 193 F.2d 551 (10th Cir. 1951); Silver v. The Sloop Silver Cloud, 259 F.Supp. 187 (S.D.N.Y.1966); The Captain Johnson, 64 F.Supp. 559 (D.N.J. 1946); The Managua, 42 F.Supp. 381 (S.D.N.Y.1941). Additionally, this Court is not divested of admiralty jurisdiction by defendant's allegations of equitable title to the vessel urged in defense of plaintiffs' claim of legal title. Chirurg v. Knickerbocker Steam Towage Co., 174 F. 188 (D.Me. 1909). See Swift & Company Packers v. Compania Colombiana Del Caribe, S.A., 339 U.S. 684, 692 [70 S.Ct. 861, 94 L.Ed. 1206] (1950)."

Affirmed.