**WILLIAM P. BROOKS CONSTRUCTION COMPANY, INC., Plaintiff-Appellee,**

v.

**William S. GUTHRIE, Defendant-Appellant.**

**William S. GUTHRIE, Plaintiff-Appellant,**

v.

**WILLIAM P. BROOKS CONSTRUCTION COMPANY and William P. Brooks, Individually, Defendants-Appellees.**

Nos. 79–2526, 79–3059
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 27, 1980.

---

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

David Yancey White, Corpus Christi, Tex., for defendant-appellant in No. 79–2526 and plaintiff-appellant in No. 79–3059.

Kleberg & Weil, Corpus Christi, Tex., for plaintiff-appellee in No. 79–2526.

R. W. Woolsey, Corpus Christi, Tex., for plaintiff-appellee in No. 79–2526 and defendants-appellees in No. 79–3059.

Maddin, White & Brin, Inc., Corpus Christi, Tex., for plaintiff-appellant in No. 79–3059.

Kleberg & Weil, Corpus Christi, Tex., for defendants-appellees in No. 79–3059.

Before BROWN, TJOFLAT and FRANK M. JOHNSON, Jr., Circuit Judges.

PER CURIAM:

A question of jurisdiction and one of the right to a jury trial are presented by these appeals. The object of the litigation is a shrimp trawler, the *Moon River II.* It is undisputed that William P. Brooks Construction Co. (Brooks) was at all relevant times the titleholder of record of the trawler. This litigation began when Brooks brought an action in the District Court to recover possession of the trawler from Guthrie. Brooks invoked the District Court's admiralty jurisdiction pursuant to F.R.Civ.Proc. 9(h). Guthrie filed a cross-action, asserting rightful possession by virtue of an oral contract for the sale of the trawler. As a part of the cross-action, Guthrie also requested a jury trial. In reply, Brooks asserted that an oral charter party rather than an oral contract of sale was entered into, and that Guthrie was no longer entitled to possession under the terms of the charter party. The District Court denied the request for a jury trial and after considering the parties' evidence awarded possession of the trawler to Brooks.

Guthrie contends that, at least by the filing of his cross-action, this suit has become one for specific performance of a contract to purchase a vessel. Citing *The Wanda,* 447 F.2d 966, 1971 AMC 1841 (5th Cir. 1971), he argues that admiralty jurisdiction does not extend to such suits. Plaintiff in *The Wanda* brought a suit which was styled as a possessory or petitory action, but was in fact an action to enforce a contract to place title in the plaintiff's name. By contrast, Brooks brought the instant suit as a true possessory action. Brooks was the undisputed titleholder of record. Brooks brought this suit to recover possession rather than to obtain original possession. The suit was won by "the legal owner of a vessel who [had] been wrongfully deprived of possession," *Gallagher v. Unenrolled Motor Vessel River Queen,* 475

F.2d 117, 1973 AMC 887 (5th Cir. 1973), and Brooks did not seek to enforce a contract as such. Unlike the suit in *The Wanda*, Brooks brought a true possessory action, and it is fundamental that admiralty has jurisdiction over such an action. *Gallagher v. Unenrolled Motor Vessel River Queen, supra*; Supp.Rule D, F.R.Civ.Proc.; 1 Benedict, Admiralty § 202 (7th ed. 1974); 4 Benedict, *supra* Form No. 1–146, at 1–167 to 1–169.

Nor was the District Court divested of admiralty jurisdiction by Guthrie's contractual defense set out in his cross-action. *Gallagher v. Unenrolled Motor Vessel River Queen, supra.* Whatever doubt there might be about the Admiralty Court's jurisdiction over Guthrie's cross-action as such, the Court had the power in determining Brooks's right to possession to evaluate the implied defense of an oral contract by Brooks to sell Guthrie the trawler. The District Court's uncontested finding was that there was no enforceable oral contract for sale. This finding is supported by the evidence and is not clearly erroneous.

Our finding of admiralty jurisdiction disposes of Guthrie's claim of a right to a jury trial. The admiralty affords no right to a jury trial. F.R.Civ.Proc. 38(e); *Romero v. Bethlehem Steel Corp.*, 515 F.2d 1249, 1975 AMC 1905 (5th Cir. 1975). The District Court properly denied Guthrie's motion for trial by jury.

AFFIRMED.